JAMES COSTIGAN, Respondent, v. MICHAEL TRANSPOR-
TATION COMPANY, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Appellate:** SECOND APPEAL. After an objection to the
sufficiency of the plaintiff's evidence has been once determined on
the appeal of a cause, the same objection will not be again con-
sidered on a second appeal, especially when there have been two
verdicts for the plaintiff.

2. **Practice, Trial:** OBJECTIONS TO EVIDENCE. The requirement for
specific objections to the admissibility of evidence has no applica-
tion, when it clearly appears from the record that both court and
counsel were fully advised of the exact nature of the objection,
and discussed it in all its bearings.

3. **Evidence:** ADMISSIONS BY CORPORATION. The admissions of one
who is president and general manager of a corporation are not
necessarily limited as evidence to cases determining the admissi-
bility of statements of special agents. The president and general
manager of a corporation is in one sense the representative of a
corporation, as distinguished from a mere agent, with limited and
defined powers and duties. *Held,* that the statement, made to
a shipper by one who was president, general manager and con-
trolling owner of a transportation company, that a partial loss
on the contract of transportation was due to the company's negli-
gence, was *prima facie* admissible against the corporation; it
further appearing that such statement was made before the com-
pletion of the contract, and in explanation of the causes of its non-
performance.

4. ——— : ———. The fact, that all information possessed by such
corporate officer concerning the accident was derived wholly from
hearsay, affects the weight but not the admissibility of the evi-
dence.

5. **Evidence:** COMPETENCY OF WITNESS AS TO MARKET VALUE. A
dealer in a class of merchandise is a competent witness concerning
the market value thereof, and the circumstance that he bases his
testimony on his own sales does not affect the competency of his
testimony.

6.   **Common Carrier** : LIABILITY FOR DANGERS OF NAVIGATION. A snag, which is well known to people whose business it is to navigate a river, is not a danger of navigation which exempts a common carrier from liability.   By the exception of dangers of navigation in a bill of lading latent dangers are meant, and not such as are, or ought to be, patent, and as can be avoided by skill, judgment or foresight on the part of those engaged in navigation.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Campbell & Ryan*, for the appellant.

It was error to admit the evidence of Costigan concerning statements, alleged to have been made by Martin Michael several days after the accident, relating to the conduct of the pilot in charge of the vessel and tow. *Rogers v. McCune*, 19 Mo. 558; *McDermott v. Railroad*, 73 Mo. 513; *Adams v. Railroad*, 74 Mo. 553; *O'Bryan v. Kinney*, 74 Mo. 125; *Aldridge v. Blast Co.*, 78 Mo. 559; *Devlin v. Railroad*, 87 Mo. 545; *Leahy v. Railroad*, 97 Mo. 165; *Wengler v. Railroad*, 16 Mo. App. 493; *Railroad v. Decker*, 82 Pa. St. 123; *Packet Co. v. Clough*, 20 Wall. 528; *Railroad v. O'Brien*, 119 U. S. 9; Taylor on Evid. [7 Ed.] sec. 588–589. The fact that Martin Michael was the managing officer of the defendant company gave him no power, in the circumstances, to bind the corporation by his loose narrative statements. Waterman on Corporations, sec. 126; *Henry v. Bank*, 63 Ala. 527; *Hodge v. Bank*, 22 Grat. 51; *Bank v. Bank*, 3 Gill, 96; *Wyman v. Bank*, 14 Mass. 58; *Tripp v. Packing Co.*, 137 Mass. 499; *Kalamazoo N. M. Co. v. McAlister*, 36 Mich. 327. There was no legal evidence before the jury touching the market value of the ties lost, and the verdict is, in that respect, entire unsupported. The verdict is unsupported by substantial evidence, and the judgment for that reason should be

reversed.  *Avery v. Fitzgerald*, 94 Mo. 207; *Schenck v. Sautler*, 73 Mo. 46; *Lionberger v. Pohlman*, 16 Mo. App. 392; *Fischer v. Merchants' D. T. Co.*, 13 Mo. App. 133.

*Rufus J. Delano*, for the respondent.

The admission made by Mr. Michael is a part of the "*res gestæ*," and was had before any railroad ties were delivered.  *Schuttler v. Exp. Co.*, 5 Mo. App. 316; *Adams v. Railroad*, 74 Mo. 556; *Meagher v. Railroad*, 14 Mo. App. 501; *Bevis v. Railroad*, 26 Mo. App. 22; *Burgert v. Borchert*, 59 Mo. 87; 1 Greenl. on Ev., secs. 108–9; *Darrett v. Donnelly*, 38 Mo. 492; *State v. Schneider*, 35 Mo. 533; *Augusta Factory v. Barnes*, 18 Rep. 105; *Hazleton v. Bank*, 32 Wis. 49; *Spalding v. Bank*, 9 Pa. St. 30; *Gould v. Bank*, 56 Howard, 513; *Bank v. Field*, 2 Hill. [N. Y.] 445; *Railroad v. Troustine*, 64 Miss. Rep. 845; Thompson on Carriers, 539; *Curtis v. Railroad*, 49 Barb. 148; *Morse v. Railroad*, 6 Gray, 450.  The objection of defendant to this testimony was erroneous, also, in that it was to any or all conversations had between Michael and plaintiff after the accident, when plaintiff was demanding his property.  Looking at the objection in its most favorable light for defendant, it should have been specific, and, if at all, it should have pointed at certain portions of the interview.  *Grand Rapids Co. v. Diller*, 110 Ind. 225. The objection made being only general was insufficient. *St. L. Agrl., etc., Ass'n v. Delano*, 37 Mo. App. 284; *Ecton v. Ins. Co.*, 32 Mo. App. 53; *Schmucker v. Spelbrink*, 25 Mo. App. 356; *Taussig v. Shields*, 26 Mo. App. 569, 572; *Bank v. Westlake*, 21 Mo. App. 569, 572; *Johnson v. Railroad*, 22 Mo. App. 600; *Primm v. Raboteau*, 56 Mo. 407; *Wayne Co. v. Railroad*, 66 Mo. 77; *Ring v. Canada Line*, 14 Mo. App. 579; *Davis v. Hilton*, 17 Mo. App. 322.  There was ample

testimony for the case to go to the jury on the question of the value of the railroad ties. *Easton v. Woods*, 1 Mo. 507; *Stevens v. Springer*, 23 Mo. App. 385; *State ex rel. v. Johnson*, 1 Mo. App. 220; *State v. Jacob*, 2 Mo. App. 186.

ROMBAUER, P. J., delivered the opinion of the court.

The action is one against a common carrier by water, for damages caused to the plaintiff by the mal-performance of a contract of transportation. The defense is that the loss was caused by an unavoidable danger of navigation, which was an excepted peril. The trial was had before a jury, and resulted in a verdict and judgment for plaintiff.

This is the second appeal of the cause. The first trial was had before the court without a jury, and likewise resulted in a verdict for the plaintiff. The defendant then appealed, and urged as one of the grounds for reversal that there was no evidence to support the verdict. When the cause was here on the first appeal, we examined the evidence very fully, and it is set out in detail in the opinion of the court. 33 Mo. App. 269. While reversing the judgment for error in the admission of some evidence for the plaintiff, we held that the evidence was sufficient to support the verdict. It is conceded that the evidence on the second trial was substantially the same. The evidence of witness Luebben, on which some stress was laid on the former appeal, as tending to show the negligence of defendant's pilot, is identical, consisting of his deposition which was read at both trials. On familiar principles applicable to appellate procedure, we are precluded from re-examining on this appeal the defendant's renewed complaint that the verdict is against the evidence, all the more so as there have been two successive verdicts in favor of the same party, on the same evidence. R. S. 1879, sec. 3705.

We proceed to the examination of the defendant's second and main assignment of error, that the court

admitted illegal evidence against its objection. The loss was caused by the collision of a barge in the night time with a sunken snag. The barge was lashed to a transport coming up stream, and the main contention of the parties was whether the location of the snag was known, or in the exercise of due care ought to have been known, to the defendant's officers in charge of the transport and barges, so as to avoid the collision. Evidence was produced on this subject *pro* and *con*. The plaintiff offered in evidence, by way of admissions, certain declarations made by Martin Michael, who was shown to be the president and general manager of, and the owner of a controlling interest in, the defendant corporation. These declarations tended to show that the accident was due to the carelessness of defendant's pilot, and they were made the day after the accident happened, but while the contract of transportation was still *in fieri*. The weight of this admission, as evidence, was materially weakened by the fact, that the president was not on the boat when the accident occurred, and that, whatever information he had on that subject, was in its very nature hearsay. This last consideration, however, merely affects the weight of the evidence, and not its admissibility.

Preliminary questions to be disposed of, in considering this objection, are whether we are not precluded from examining into it, by our ruling upon the former appeal, and whether the objection made by the defendant was sufficiently specific to entitle it to consideration.

The same evidence was admitted against the defendant's objection of the former trial, and the same objection urged against its admission on appeal. This court, while not passing on the objection in direct terms, considered the evidence in passing upon the merits of the case, and the plaintiff contends that in so doing this court substantially decided that the evidence was admissible. Upon the former trial, however, Martin Michael,

individually, was a party defendant, and the evidence was clearly admissible against him, even if not admissible against his co-defendant, the corporation; hence the court did not commit error in any view of the case by admitting the evidence upon the former trial. *Union Savings Association v. Edwards*, 47 Mo. 445. Prior to the present trial plaintiff dismissed his suit against Martin Michael individually, and proceeded against the corporation alone; hence the question, whether the evidence was admissible, must be determined by other siderations, than those which determined its admissibility at the former trial.

The reason of the rule which requires objections to be made specific is to advise the trial court and counsel of the exact nature of the objection, so as to enable the former to rule intelligently on the question presented, and to enable the latter to present argument in opposition, or else to avoid the force of the objection by remedying the defect complained of. Where, as in this case, it clearly appears from the record that both court and counsel were fully advised of the exact nature of the objection, and discussed it in all its bearings, the reason of the rule falls away; *cessante ratione cessat lex.* We must therefore conclude that the objection to this evidence is properly before us for review.

Declarations of all persons are admissible, when they are in the nature of oral acts, tending to characterize the nature of an another act sought to be established, regardless of the fact whether they are admissions against interest. To be admissible on that ground, they must be cotemporaneous with the fact which is to be proved, even though they need not be instantaneous. *Leahy v. Railway Co.*, 97 Mo. 165. The declaration of Michael, in this case, does not fall into that class, because made subsequent to the event, the nature of which it is sought to prove. *Rogers v. McCune*, 19 Mo. 569. Declarations of agents, while

transacting the business of their principal, during the continuance of the agency, in regard to a transaction then depending, are sometimes erroneously spoken of as part of the *res gestæ*, but logically belong to another class. They are admissible strictly on the ground of admission, that is to say, that, *quo ad hoc*, the principal and agent are identical. Whether Michael's declarations were admissible on that ground, presents a much closer question. The fact in controversy between the parties was the mal-performance of the contract of transportation, but the fact to be established by the declaration was the character of a past event in the performance of that contract. It is true that the contract of transportation was not completed when the declaration was made, and that, whatever Michael may have said in regard to anything he was then doing towards its completion, was binding upon his principal. But this admission was not of that character, but related exclusively to what the books designate as the historical narration of a past event; as such, it was not admissible against his principal, if we treat him solely as a special agent of the corporation, any more, than if he would have been no agent at all, because the declaration was made in no sense as explanatory of any act he was then doing.

If, therefore, the admissibility of this evidence had to be determined by the rule governing special agencies, the admission of Michael would have been incompetent evidence to charge the corporation. But there is another element in the case. The evidence shows that Michael was the president and general manager, and controlling owner of the corporation. He was not simply its special agent in regard to this particular transaction, but, under the circumstances, in absence of all countervailing evidence, may well be presumed to have been the general agent of the corporation and its representative officer, not a vice-principal, whose duties and

powers are always limited and confined, but a general representative of the principal, standing in his place and speaking for him. The president, being the head officer and financial agent of the corporation, his acts and declarations may bind it on one of two grounds: *First.* That such act was done or declaration made with a view of binding the corporation, in which event evidence of it is admissible on the presumption of power which attaches to the head officer of a corporation, in the absence of countervailing evidence. *Second.* That the act or declaration was made under circumstances making it binding on the corporation, although no such effect was intended. As an illustration of the first we may refer to *Chamberlain v. Mining Co.*, 20 Mo. 96, and *Bambrick, assignee, v. Campbell,* 37 Mo. App. 509. A careful review of the evidence satisfies us that the declaration was not admissible on the first ground, as it is clear that it was not made for the purpose of binding the corporation. Was it admissible on the second ground, and was it admitted against a proper objection made, are the only questions remaining for consideration.

In order to determine this, we must recur to the circumstances under which this declaration was made, and refer to the nature of the defendant's objection. When the evidence was offered, and before it appeared what the declaration was, the defendant objected to it on the ground that *any statement made by an officer of the company, after the accident, concerning it, was incompetent.* Counsel for plaintiff thereupon conceded that a loose declaration made by an officer on the street would be inadmissible, but claimed that the admission to be offered was not of that character. The court thereupon overruled the objection. So far, there was clearly no error. The plaintiff then proceeded and testified that he went down to the levee, after the remaining ties came up, about two days after the accident, and

talked to Michael about the ties; that Michael put it all on the pilot, said he "busted" the barge, and that, if he had had another pilot there, the accident would not have happened. There was no objection made to this on the ground that the conversation was not in regard to the performance of the contract of transportation, or in connection with it, but the inference is clearly admissible that it was. On cross-examination, this witness testified again that this conversation took place when he called upon Michael to learn the cause of the accident, and what had become of his ties. He said: "We got to talking about the barge, the busting of it, and he commenced to talk about Little's (the pilot's) carelessness; he said he busted the barge. *Question.* Did he say anything else? *Answer.* Well, not as I know of that he said anything else, he said it was carelessness."

There was no cautionary instruction offered by the defendant, limiting the effect of this admission in any sense, nor was the court required to exclude it from the consideration of the jury on any ground. The only error that can be claimed is that the court did not sustain the defendant's original objection, that any statement made by an officer of the company after the accident, concerning it, was incompetent. The question before us is not as to the probative force of this evidence, as the plaintiff's case does not rest exclusively on this evidence, nor is it, as to whether the defendant was entitled, if he saw fit to do so, to ask the court to condition the jury's consideration of this statement upon the fact that it was an admission made by the president, in connection with his acts for the corporation, touching this contract of transportation, to a party to the contract, since the court was not asked thus to limit the jury. The naked question is, whether the court erred in its rulings actually made, and that question we have to decide, not upon suspicion of error, but upon error clearly appearing. These considerations lead to the inevitable

conclusion that there was no error in overruling the defendant's objection, and that we are not warranted to reverse the judgment on that ground.

The next error complained of is, that the court admitted the plaintiff's evidence, touching the market value of the ties, and that such evidence did not amount to proof of market value. The plaintiff was a dealer in ties and, at the date of the accident, had several contracts for ties outstanding. In answer to a question as to what was the market value of the ties at the place of their destination, he stated, he knew what he was getting, and then added, the ties were worth forty, forty-three and forty-eight cents a piece. Further on, he stated, the ties were worth forty-three cents apiece, which would be a medium price. The objection seemed to be, that the witness based his opinion on his own contracts, and not on a general knowledge of ruling market rates. The number of ties lost in the accident, as admitted by defendant's answer, was twelve hundred and fifty-three, and the verdict of the jury was for four hundred and sixty-three dollars and thirty-two cents, which is less than forty cents per tie. The plaintiff, as a dealer in ties, was competent to testify as to their market value, and the process by which he arrived at the result was immaterial. Since the allowance made by the jury is less than the lowest value testified to, the defendant is in no position to complain.

The instructions, given and refused, are practically the same as at the former trial, which were approved by this court upon the former appeal. The only change is the insertion by the court in one of the plaintiff's, and in one of defendant's, instructions of the qualification, that a snag which is well known to people whose business is to navigate the river, or carry on a transportation business thereon, is not a danger of navigation. It is claimed that this modification made some of the instructions contradictory. We see no merit in

this objection.   It is well settled that "dangers of navigation," or "unavoidable dangers of navigation" in a bill of lading mean latent dangers, and not such as are, or ought to be, patent, and which can be avoided by skill, judgment and foresight of the persons engaged in navigation.   *Hill v. Sturgeon*, 28 Mo. 327.

All the judges concurring, the judgment is affirmed.