PHILIP KAES, Respondent, v. LIME COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, May 4, 1897.

1. Sale of Personal Property: ACCEPTANCE: JURY QUESTION. In a suit for the price of wood sold and delivered to a corporation, the question of the acceptance of the wood was a question of fact for the jury under instructions from the court.

2. ———: AUTHORITY OF AGENT TO BUY: EMPLOYMENT OF, BY VENDOR, TO DELIVER. An agent and manager of defendant company, who had superintendence of its business, in which wood was necessary, had authority from the company to buy wood, by virtue of his agency and employment, in the absence of any evidence to the contrary; and the fact that his team hauled part of the wood, for which plaintiff paid him, had no tendency to prove that such agent was the agent of plaintiff in the transaction.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*D. C. Taylor* and *W. B. Homer* for appellant.

To satisfy the statutes of frauds there must be not only a delivery of the goods, but also an actual receipt and acceptance of the same by the buyer. And this acceptance can be proved only by clear and unequivocal acts on the part of the buyer, which acts must be independent of the proof of the contract. *Kirby v. Johnson*, 22 Mo. 354, 361; *Harvey v. St. Louis B. Ass'n*, 39 *Id*. 211, 217; *Lovelace v. Stewart*, 23 *Id*. 384; *Delventhal v. Jones*, 53 *Id*. 460; *Pratt v. Miller*, 109 Mo. 89; *Vincent v. Vieths*, 60 Mo. App. 9; *Lyle v. Shinnebarger*, 17 *Id*. 66, 73; *Hinchman v. Lincoln*, 124 U. S. 38; *Knight v. Mann*, 118 Mass. 143; *Gowing v. Knowles*, *Id*. 232; *Stone v. Browning*, 68 N. Y. 598.

An agent can not act for both parties where their interests are opposed. *De Steiger v. Hollington*, 17 Mo. App. 382; *Ins. Co. v. Ins. Co.*, 8 *Id*. 408; *McDonald v. Wagner*, 5 *Id*. 56; *Atlee v. Fink*, 75 Mo. 100; *Chapman v. Currie*, 51 Mo. App. 40; *Sprague v. Rooner*, 104 Mo. 349; *Norman v. Roseman*, 59 Mo. App. 682; *Nuendorf v. Ins. Co.*, 69 N. Y. 389; *Bent v. Priest*, 86 Mo. 482; *Ins. Co. v. Ins. Co.*, 14 N. Y. 85; *Copeland v. Ins. Co.*, 6 Pick. 197.

*Wm. F. Broadhead* and *John W. McElhinney* for respondent.

True, the statute of frauds requires, in case there is no memorandum of sale, that there must be affirmative proof of delivery, receipt and acceptance, as claimed by appellant, and as the court instructed the jury. But this means no more than that there must be evidence of such receipt and acceptance, satisfactory to the jury. It is a question of fact to be determined by them from the circumstances, including the nature of

the property and the conduct of the parties. Brown. Stat. Frauds [5 Ed.], secs. 316 b, 316 g, 320, 321; Benj. on Sales [6 Ed. Bennett], secs. 144, 163, 162; *Bass v. Walsh*, 39 Mo. 192, 198, 199; *Glasgow v. Nicholson*, 25 *Id*. 29, 30; cases cited by appellant under point number 1.

The delivery and receipt were complete when the wood was actually transferred from plaintiff's farm to defendant's yard, at the kilns, and left under defendant's control. It was immaterial whether defendant had an agent there or not. Brow. Stat. Frauds, sec. 327, p. 443, 444; *Allard v. Graesert*, 61 N. Y. 1, 5; *Wilcox, etc., Co. v. Green*, 72 *Id*. 17. See, also, *Glasgow v. Nicholson, supra*, p. 30; *Jewett v. Warren*, 12 Mass. *300, 302.

There was affirmative evidence of acceptance, in the conduct and acquiescence of the company, and especially of the president. Brown. Stat. Frauds, sec. 316 g, p. 423.

Measurement of the wood was not required as a part of receipt or acceptance, to satisfy the statute of frauds. The measurement was merely a matter of computation, to determine the aggregate price. *Ober v. Carson's Ex'x*, 62 Mo. 209, 213, 214; *Cunningham v. Ashbrook*, 20 *Id*. 553, 559, 562; *Bass v. Walsh, supra; Conrad v. Fisher*, 37 Mo. App. 352, 393; *Macomber v. Parker*, 13 Pick. 175, 182, 183.

The agency of the parties acting for the company was proved sufficiently. A general manager or president is presumed to have authority to transact the ordinary routine business of the company. There was no evidence or claim of any limitation of the authority of either by by-laws or otherwise. *Sparks v. Trans. Co.*, 104 Mo. 531, 540; *State v. Silva*, 130 *Id*. 440, 460; *Costigan v. Trans. Co.*, 38 Mo. App. 219, 225, 226; 1 Beach, Priv. Corp., secs. 186, 187, 193, 202, 204.

As to the rights and titles of the principals, in the alleged double agency of Turley, his acts are not absolutely void, but merely voidable. Story, Agency, secs. 31, 211; *Reddick v. Gressman*, 49 Mo. 389, 392; *Huggins v. Ins. Co.*, 41 Mo. App. 530, 543; *Litchfield v. Cudsworth*, 15 Pick. 23, 31; *Bassett v. Brown*, 105 Mass. 551, 556, 557; and authorities cited by appellant in point 2.

Turley was not an agent for the sale of this wood. He had nothing to do with the sale. He was merely an employee or contractor to deliver for plaintiff, and at his expense, at the place of delivery, understood between plaintiff and the president of the company. Mech. Agency, sec. 2; Whar. Agency and Agents, sec. 19. See, also, Story, Agency, secs. 31, 211.

BLAND, P. J.—The petition contained two counts. The issues on the second one were found for defendant, from which no appeal was taken. It will not be further noticed here. The first count alleged that defendant was a corporation; that plaintiff between the first day of September, 1893, and the first day of January, 1894, sold and delivered to the defendant in the county of St. Louis, two hundred and seventy-one and a half cords of wood at the price of $2.72 per cord, and that the defendant promised and agreed to pay him that price for the wood; that on the first day of February, 1894, he demanded pay for said wood, which was refused. He prayed judgment for $743.87 with interest from February 1, 1894.

The answer was a general denial, and a special plea of the statute of frauds. The reply to the special plea admitted that there was no written memorandum of the sale, and that no part of the purchase money was paid, but denied that defendant did not receive any part of the wood mentioned in the petition. On trial

by jury the issues were found for the plaintiff, and his damages assessed at $648.33, for which sum judgment was rendered, from which defendant appealed.

Prior to, at and after the times mentioned in the petition the defendant corporation was (under a lease) in the possession of and was operating lime kilns at St. Paul in St. Louis county. The office of the corporation was in the city of St. Louis. Charles Cobb was its president, Charles E. Turley had the management of and superintended the lime kilns at St. Paul, hired and discharged hands, bought wood, made out monthly pay rolls, and made payments thereon for the defendant. In September, 1893, two of the kilns were in active use. Prior to this date, plaintiff had at different times sold and delivered the defendant wood, for which he had been paid at the rate of $2.75 per cord. It seems that in August or early in September, 1893, the defendant was short of wood, and Turley asked the plaintiff to bring them in some, and "to rush it in." At the same time he advised the plaintiff to chop a large quantity of wood, and said to him, they (the corporation), would take a thousand or twelve hundred cords. Turley does not deny this conversation. A short time after this plaintiff testified that he saw Cobb, the president of the company, and repeated to him in substance what Turley had said; that Cobb's answer was, "rush in all the wood you can." Cobb admitted he had a conversation with plaintiff, and told him they needed wood and to send it in, but denied that he told him "to rush in all that he could," and further stated that plaintiff delivered about thirty cords in September, for which he was paid. Plaintiff's testimony is, that he was paid after September for thirty-two or thirty-three cords of wood, but that this wood had been delivered before September, and was not any part of the wood embraced in his petition. About the fifteenth of

September, 1893, the defendants ceased to burn lime
at St. Paul, but continued Turley in its service and in
charge of the kilns, and he continued to work for de-
fendant until January, 1894, when the board of direct-
ors of the defendant determined to burn no more lime
at these kilns, and Turley was discharged.  He notified
plaintiff of his discharge and advised him not to deliver
any more wood.  Plaintiff, however, delivered about
sixty cords after this notice or advice.  Turley owned
a team, which he had used to do hauling at the lime
kilns for defendant.  After the kilns were shut down,
he employed a driver for this team and hauled wood
for the plaintiff, for which he was paid by plaintiff.
The earnings of the team and driver were equally di-
vided between the driver and Turley.  The wood was
delivered at the lime kilns and ranked on the premises
of the defendant.  This fact is not controverted by any
of the evidence.  It was of the same quality and kind
of wood as that for which plaintiff had been previously
paid $2.75 per cord by the defendant, and was of the
market value of $2.75 per cord.  The sixty cords de-
livered in January, 1894, and after the plaintiff was
advised not to deliver any more wood, was practically
withdrawn from the consideration of the jury by an
instruction, and was not counted in estimating the
damages, as evidenced by the verdict returned.  The
defendant introduced its officers as witnesses, all of
whom testified that the plaintiff had made no demand
of pay for the wood, also its pay rolls, by which it was
shown that Turley made out such rolls monthly, and
that it was his custom to include in these rolls the
amount of wood purchased and delivered during the
preceding month, and that no wood appeared on the
pay rolls as having been delivered in the months of
October and November.

No by-laws, rule or regulation of the corporation

was introduced, defining the powers or duties of its officers, or fixing any limitation to the powers of its president, nor any contract, appointment, rule or regulation defining the scope of the authority of Turley's agency. Plaintiff testified that he went to the office of Cobb in St. Louis city early in February, 1894, and demanded pay for his wood, and that Cobb refused to pay him; that he did not know who the other officers of the company were. The principal contention of the appellant is, that it did not accept the wood, and that no officer or agent having authority to accept it, had done so. At appellant's instance the court gave the following instructions on these points:

"(3) The court instructs the jury that, although they may believe that an officer of the defendant, duly authorized by the company, ordered by word of mouth the wood in question, yet they will find their verdict for the defendant, unless they believe from the evidence that the defendant by some officer, or employee, duly authorized thereto, accepted part of the wood alleged to be sold in this case, and actually received the same."

"(4) The court instructs the jury that the burden of proving that the plaintiff sold the wood in question to the defendant, and that he delivered the same to the defendant, and that the defendant accepted and received, at least a part of the wood in question, rests upon the plaintiff in this case."

"(5) The court instructs the jury that the burden of proving that the persons alleged to have been acting for the defendant company had authority to order the wood in question, rests upon the plaintiff; and further, that the burden rests upon the plaintiff to prove that the wood was accepted, if accepted at all, by an employee of the defendant company duly authorized thereto to accept and receive the said wood."

In instruction number 1 given for the plaintiff the jury were expressly told that before they could find for the plaintiff, they should find that the wood was received and accepted by the defendant. That the wood was placed on the grounds of the defendant is not controverted. The fact that it was not all measured as delivered, is not evidence that it was not accepted. The measurement was merely a matter of computation to ascertain the aggregate price, and not essential to its actual acceptance. *Ober v. Carson's Ex'r,* 62 Mo. 209; *Cunningham v. Ashbrook,* 20 Mo. 559; *Bass v. Walsh,* 39 Mo. 192; *Conrad v. Fisher,* 37 Mo. App. 352. The acceptance of the wood was a question of fact to be determined by the jury, under the instructions of the court. *Bass v. Walsh, supra,* and authorities therein cited. All of this wood (except sixty cords which was virtually taken from the jury by an instruction), was delivered while Turley was defendant's agent and its manager of the lime kilns, and was measured by him from time to time as received for the purpose of paying the choppers and haulers. Cobb testified that he visited these kilns every few weeks or oftener. He must have seen this wood and have known that the plaintiff was delivering it on the grounds of the company, yet according to the testimony he made no inquiry, made no objections, took no steps to stop its delivery, which he should, and certainly would have done, if he had been of the opinion that the company had not contracted for this wood, or would not need it for future use. But it is claimed that no authority was shown in Cobb or Turley to contract for the wood or to accept it for the company. It is true that no express authority in either of them was shown. It is also true that no by-law of the corporation was produced defining or

*Margin note: SALE of personal property: acceptance: jury question.*

*Margin note: SALE of personal property: authority of agent to buy: employment of, by vendor, to deliver.*

limiting their authority. Turley had the superintendence of the lime kilns. His duty was to burn lime. Wood was necessary to make the lime. The company had no wood of its own, it was therefore necessary to buy it, and in the absence of evidence to the contrary, Turley by virtue of his agency and employment had authority from the company to buy wood. *Sparks v. Dispatch Trans. Co.*, 104 Mo. 531; *Costigan v. Michael Trans. Co.*, 38 Mo. App. 219; *State v. Silva*, 130 Mo. 440. There was abundant evidence to support an instruction submitting the question of acceptance to the jury, and the court properly refused an instruction asked by the defendant, to the effect that there was no evidence that the company had accepted the wood. The instructions given on this question were favorable to the defendant, and in the language of its own choosing. The instructions as a whole declared the law of the case under the evidence fully and fairly. We fail to discover any error in the rulings of the court on the admission and rejection of testimony. The contention that Turley was the agent of the plaintiff in this wood transaction, is without the scintilla of evidence to support it. The fact that his team in the care of a hired driver hauled a part of this wood for plaintiff for which Turley was paid, does not tend to prove an agency. The case was fairly tried, and in our opinion the judgment is for the right party, and should be affirmed. It is so ordered. All concur.