GRAMP, Respondent, v. DUNNIVANT, Appellant.

1. A petition conforming to the statutory forms, accompanying the practice act of 1849, is sufficient.
2. Where, after the overruling of a demurrer to a petition, final judgment is rendered for the plaintiff, and it appears from the entry of the judgment that the inquisition of damages was taken "without any proof" of the amount of the damages sustained ; *held*, that this fact should be preserved by bill of exceptions ; there being nothing to the contrary except this statement in the entry of judgment, it will be presumed that the inquisition of damages was properly taken.

*Appeal from St. Louis Law Commissioner's Court.*

*C. C. Carroll*, for appellant.
*M. L. Gray*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff brought his action in the Law Commissioner's Court, against the defendant, as follows : " Plaintiff states that defendant owes him one hundred and ten dollars for work done and materials found for the defendant, the particulars of which appear by the following account hereto annexed, and made part of the petition. '1854. Joseph Dunnivant to George Gramp, Dr. To digging a well in the rock by blasting twenty feet, the first ten feet at $5 per foot, and the next ten feet at $6 per foot, $110.' Plaintiff asks judgment for one hundred and ten dollars, with interest, being the amount due him."

To the petition the defendant demurred, because, 1st. It is not averred in the petition that the work was done or the materials furnished by the plaintiff at the request of defendant; 2d. The particulars of the demand are not set forth according to law, in such case made and provided. The court overruled the demurrer, and the defendant relying on it, the court gave judgment on the demurrer against defendant, considering the plaintiff's petition as confessed, and an inquiry of said defendant's indebtedness to the plaintiff was awarded forthwith. The plaintiff waiving a jury, submitted the cause to the court, and the court, "without any proof, being fully advised of and concerning the premises, doth find that said defendant is indebted to plaintiff in the amount of one hundred and ten dollars," and rendered judgment accordingly for that amount against the defendant. The defendant afterwards filed his bond, and prayed for and obtained an appeal to this court.

There is no bill of exceptions; no motion to set aside the inquisition of damages. The case comes here upon the judgment of the court on the demurrer. This involves the sufficiency of the plaintiff's petition. The petition is in the form given by the statute, and whether this be framed strictly according to the requisitions of the act, is immaterial; it is sufficient that it is in the form prescribed. There is no error, then, in overruling the demurrer, or in giving judgment thereon for the plaintiff. The question, then, is, whether it appears from the record that the inquisition of damages was taken without proof of the actual damages sustained. It is so stated in the entry on the record; but whether it is competent to preserve the fact in the record in this manner, is the question. A majority of this court is of the opinion that it is not competent to preserve such a fact by an assertion of the court of its existence on its records. The evidence is no part of the record in any case; it must be placed on record by bill of exceptions. A motion during the trial is no part of the record, unless it be made such by bill of exceptions. The fact that there was or was not proof of any matter in controversy before the court,

must be placed on its records in proper manner. The court can not say that there was no proof by simply stating that fact in its judgment. If this be allowed, then any other fact stated by the court may become equally as well a part of the record. The judgment below will therefore, with the concurrence of Judge Leonard, be affirmed, there being nothing properly on the record to contradict the presumption that the inquisition of damages was lawfully and properly taken.