PATRICK P. CONNOR *et al.*, Respondents, v. JOHN C. HEMAN, Appellant.

St. Louis Court of Appeals, March 24, 1891.

1.   **Pleading:** SUFFICIENCY OF FORMS APPENDED TO REVISED STATUTES. The forms of pleading appended to the Revised Statutes are not understood to have the force of law.

2.   ———— : ACCOUNT.   *Held*, in an action upon an account, a copy whereof was attached to and was referred to in the petition, that, read in connection with the account, the petition stated a good cause of action.

3.   **Instructions:** WAGERING CONTRACT.   An issue, as to whether the debt sued upon which arose from alleged sales of grain was a gambling debt, was submitted to the jury under an instruction which told the jury to find that the debt was of that character, if it was "mutually agreed and understood" between the plaintiff and defendant that no grain should be delivered or received in settlement of the sales, but that settlement should be made merely by the payment of differences.   *Held* that the expression "understood" was equivalent to the use of the word "intended," and that its use, therefore, did not render the instruction erroneous.

4.   ———— : EXCESSIVE NUMBER.   *Held* that the tender of thirteen different instructions under the issues of this cause would have warranted the refusal of all of them.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*T. J. Rowe*, for appellant.

*George R. Lockwood* and *P. Wm. Provenchere*, for respondents.

Thompson, J.—This was an action on an account. The plaintiffs had a verdict and judgment, and the defendant appeals to this court.

I. The first assignment of error is that the petition states no cause of action. The petition is drawn substantially in conformity with form number 7 in the appendix to the Revised Statutes. 2 R. S. 1889, p. 2234. Those forms were first enacted by the legislature in the practice act of 1849. In the revision of 1855 they were not re-enacted, but were printed as an appendix, in which way they have appeared in every subsequent revision. As so printed, they are not understood to have the force of law. A petition drawn in conformity with this form, and substantially like the one in the present case, was held good in *Gramp v. Dunnivant*, 23 Mo. 254; but, when that decision was rendered, the form in question stood in the practice act and had the force of law. The statute governing the question provides: "It shall not be necessary for a party to set forth in a pleading the items of the account therein alleged; but, if they be not set forth, he shall attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the record; but, if they be not set forth in, or attached to, said pleading, he shall be precluded from giving evidence thereof." R. S. 1889, sec. 2075; R. S. 1879, sec. 3547. When the petition is upon an account, and the account is set forth in conformity with this

statute, the exhibit is a part of the record. *Hassett v. Rust*, 64 Mo. 325. In this case the petition recites that an itemized statement of the account is "hereto *annexed* and marked exhibit A," and the answer refers to it as "filed therewith," and the appellant's statement in this court admits that the account was so annexed. Reading the account as a part of the petition, we are of opinion that it sufficiently advises the defendant of what he is called upon to meet; and we are strengthened in this view from the fact, that his defense was placed entirely on an extrinsic ground, and that he made no objection in any form in the trial court to the sufficiency of the petition, not even by a motion in arrest of judgment.

II. The objection that the *allegata* and *probata* do not concur, and that the evidence leaves the petition unproved in its entire scope and meaning, is plainly untenable. The plaintiffs gave evidence tending to show that they had expended the money, performed the services, and sold the goods embraced in their bill of items.

III. The defendant, in addition to a general denial, set up in his answer that "the transactions referred to in the petition herein and the exhibits filed therewith, and which constitute the alleged cause of action," etc., "relate wholly to wagering contracts known as 'deals' between the plaintiffs and defendant on the market price of wheat and corn for future delivery." There was substantial evidence supporting this affirmative defense. The court gave an instruction with reference to this evidence, which is now complained of, in so far as it told the jury that they should find for the defendant, if it was "mutually *agreed* and *understood*" between the plaintiffs and the defendant that no wheat or corn was to be delivered or received in settlement of such sales, but that the same were to be settled merely by the payment of differences, etc. The criticism upon this instruction is that it does not state the principle to which the law in this state has come; namely, that, if

the parties at the time the contract is made do not *intend* that any grain shall be delivered, the contract is void. We do not so interpret the language of this instruction. We understand that the use of the word "understood" is tantamount to the use of the word "intended," and we threw them into juxtaposition in discussing this very point in *Hill v. Johnson*, 30 Mo. App. 389, where we reviewed the decisions of this state on this question, and came to the conclusion that either an *agreement* between the parties at the time of the contract that it should be performed by the settlement of differences, as was held in *Kent v. Miltenberger*, 13 Mo. App. 503, 510, or an *intent* or *understanding* to that effect, which is the latest doctrine of the supreme court, as shown by the case of *Crawford v. Spencer*, 92 Mo. 498, is sufficient to avoid the contract.

IV. Error is assigned on the refusal of thirteen instructions tendered by the defendant. These instructions were severally directed to different items of the account. A sample of them is this: "The court instructs the jury that plaintiffs cannot charge defendant with the first item in their account, unless the jury believe from the evidence that the plaintiffs purchased from Cole Bros., on March 9, 1888, fifteen thousand bushels of wheat, to be delivered in May, 1888, and that he purchased said wheat and paid Cole Bros. for the same at the instance and request of the defendant." The other instructions refused, of which complaint is made, were all like this, except that they were directed to different items of the account. There was no error in refusing these instructions, by reason of their number alone. The court had already advised the jury that, in order to recover, the goods must have been sold or purchased at the instance and request of the defendant; and that was enough. It was not necessary to repeat this with reference to each item of the account.

The judgment will be affirmed. All the judges concur.