F. M. BILLINGS, Receiver of the Elyton Company, Respondent, v. CAL. HIRSCH & SONS IRON AND RAIL COMPANY, Appellant.

### St. Louis Court of Appeals, December 4, 1900.

1. **Practice, Trial:** PLEADING: INCAPACITY OF PLAINTIFF: WAIVER: DEMURRER. A subsequent pleading is a waiver of a demurrer for incapacity of plaintiff to sue.

2. ———: ———. Where a petition alleges that a receiver was appointed by a court of competent jurisdiction and the allegation is not denied in the answer, it stands admitted.

3. ———: ———: EVIDENCE. When the entire evidence is susceptible of contrary legal inference the court sitting as a jury is privileged to find the facts as it sees fit.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*A. L. Hirsch* for appellant.

Appellant respectfully submits that the following errors were committed by the court, to-wit: (1) The refusal of

the court to sustain appellant's demurrer to the evidence of plaintiff below, for the reason that "a receiver can not sue in a foreign jurisdiction for property of the debtor:" Ins. Co. ex rel. Bennerson, Receiver, v. E. S. Needles, 52 Mo. 17; Booth v. Clark, 17 Howard (U. S.), 322; 71 Mo. App. 656; 73 Mo. App. 634. Or the refusal of the court to sustain demurrer to amended petition for same reason. (2) The refusal of the court to sustain appellant's motion to dismiss on the ground that respondent failed to show the authority of the Alabama court to appoint a receiver. Robertson v. Staed, 135 Mo. 135. (3) The refusal of the court to sustain appellant's motion to dismiss on ground that respondent's own testimony showed that part of the machinery was broken in loading in violation of express stipulation in said contract; the said contract being an entire one (Billups v. Daggs, 38 Mo. App. 367); and that Elyton Company had not performed the whole of the contract on its part in that it did not deliver all the goods purchased, or even hold them subject to the order of appellant, and the machinery was materially defective, through their own negligence when it was loaded. Sheffield v. Balmer, 1 Mo. App. 176; Lumber Co. v. Lumber Co., 51 Mo. App. 176; Dobbins v. Edwards, 18 Mo. App. 307.

*Foster & Rodgers* for respondent.

Foreign receivers are denied the right to sue only in those cases involving a controversy between the receiver and resident creditors of the person whose property has been placed under control of such receiver. Robertson v. Stead, 135 Mo. 139; Waters-Pierce Oil Co. v. Bell, 71 Mo. App. 653; Thurston v. Rosenfield, 42 Mo. 479; Hurd v. Elizabeth, 41 N. J. L. I. 1. The authority of the Alabama court to appoint a receiver was not in issue. The objection should

have been raised by demurrer, and not by motion to dismiss. The petition alleges that it is a court of general jurisdiction, and a copy of the proceedings appointing respondent receiver, properly authenticated, was introduced without objection on the part of appellant. Beach on Receivers, pp. 632, 633, secs. 695-698. The refusal to allow appellant to show the condition in which the material arrived at East St. Louis, Ill., was not error, as it was received f. o. b. cars Birmingham, railroad weights to govern there. Meyer Bros. Drug Co. v. McMahan, 50 Mo. App. 18.

BOND, J.—Plaintiff sues as receiver of the Elyton Company, an Alabama corporation, for the price of certain machinery and scrap iron sold to defendant, a Missouri corporation, under a contract accepted by it, which is, to-wit:

"Birmingham, Ala., April 7, 1898.

"Cal. Hirsch and Sons Iron & Rail Co.:

"Confirming our verbal agreement with your Mr. M. A. Hirsch, we agree to sell you all of the machinery and scrap iron as seen by him at the old Birmingham Railway and Supply Co.'s Mills at Avondale, railroad weights to govern here with the understanding that cars are to be weighed empty. Terms to be B. of L. attached to sight draft. Movement to be started within two weeks and completed promptly. The material to be loaded as per Cal. Hirsch & Sons' instructions given to Mr. Bunch, with the understanding that in loading the machinery that it is not to be broken, this however does not cover the scrap iron. Price to be paid is $5 per gross ton 2240 pounds, f. o. b. cars Birmingham."

All of the material referred to in the above contract was delivered and paid for, except five car loads, of which two were received by defendant and the remaining three were tendered to it upon payment of a draft for the price of the

five car loads.  The payment of this draft being refused the present action was brought to recover the contract price of the five car loads.  The case was submitted to the court for decision.  Two declarations of law requested by defendant were refused, and judgment given for plaintiff, from which defendant appealed.

It is insisted the court erred in not sustaining the demurrer of appellant to the petition for want of legal capacity in respondent to maintain the action.  This demurrer was overruled, whereupon appellant answered over admitting certain allegations of the petition, denying others, and setting up a counterclaim for damages sustained by breakage of the machinery in the process of loading it on the cars.  This subsequent pleading was a waiver of the demurrer for incapacity of plaintiff to sue, hence that issue is not before us for review.

It is next insisted that no authority in the Alabama court to appoint the plaintiff as receiver was shown.  The petition alleged that such appointment was made by decree of a court of general jurisdiction.  This allegation is nowhere denied in the answer, hence it was admitted.

Appellant also complains of the refusal of two declarations of law requested by it.  This exception can not be sustained under the facts in the record.  One of the said declarations of law was merely a demurrer to the evidence, and the other was to the effect that the court must find for appellant on its counterclaim.  Obviously each of them only presented particular probative tendencies of the facts adduced on the trial.  As the entire evidence was susceptible of contrary legal inferences, the court, sitting as a trier of the facts, was privileged to find as it saw fit, and was not bound to accept the conclusions pointed at by the evidence favoring appellant's contention and disregard that of an opposite im-

port, hence the court committed no error, either in refusing a peremptory declaration of law that respondent could not recover in this action, or that appellant must recover on its counterclaim.

There are other minor points alluded to in appellant's brief, in support of which the so-called abstract filed herein simply refers the court to pages of the transcript, a voluminous written record. This method is not a compliance with rule 15 of this court, and subjects it to the unnecessary labor which it was the design of that rule to obviate. However, an examination of the transcript on these points does not disclose any reversible error in the rulings of the trial court. Its judgment is therefore affirmed. All concur.