## RECHNITZER, Respondent, v. VOGELSANG, Appellant.

### St. Louis Court of Appeals, March 13, 1906.

1. **JUSTICES OF THE PEACE: Pleading: Statement of Account.** An account for merchandise filed before a justice of the peace which did not show the dates at which the merchandise was sold, nor the nature of the articles so that they could be identified, was insufficient to support a judgment.

2. ———: ———: ———: **Amendments.** But such a statement might be amended on appeal in the circuit court.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED AND REMANDED.

*Stephen Rogers* for appellant.

*Robert Funkhouser* for respondent.

When the account filed is defective and does not comply with the statutory requirements, the defendant should either move that same be made more definite and certain or else object to the introduction of any evidence to support it; but if the objection to such pleading be not taken in one or the other of these ways, it shall be deemed waived. MacAdams v. Scudder, 127 Mo. 345, 30

S. W. 168; Labadie v. Maguire, 6 Mo. App. 573; Dawson v. Quillen, 61 Mo. App. 676. And advantage of such a defect cannot be taken for the first time by motion for new trial. Gfeller v. Graeffmann, 64 Mo. App. 162-164. The defendant having gone to trial *de novo* in the circuit court on the merits, will not now be heard to raise the objection of the insufficiency of the account, having waived it there. Meyer v. McCabe, 73 Mo. 241-242; Burke v. Steamboat, 42 Mo. App. 90-91.

GOODE, J.—Plaintiff began this action before a justice of the peace by filing the following account:

J. S. RECHNITZER,

Publisher of the Columbia, Grand and Hopkins' Imperial programs and all first-class advertising mediums. Artistic printing, lithographing, blank book manufacturing and binding. Estimates cheerfully given. Catalogue price lists. St. Louis, 720 Century Bldg., June, 1903.

"Mr. Henry Vogelsang, acct. for Edw. J., 10th and Olive.

To Mdse. as per bills ........ ........$68.00
To Mdse. as per bills ...... ...... ....11.80
$79.80

1903
June 9, By cash ...............$  5
June 16, By cash ...............   2
7.00

Balance due ........ .... ...... ....$72.80"

To the account was attached the following paper:

"In first district justice court. J. S. Rechnitzer, plaintiff, v. Henry B. Vogelsang, defendant.

Before Louis C. Spies, Justice of the Peace.

"ACCOUNT.

"Henry B. Vogelsang, to J. S. Rechnitzer, Dr. $72.80.

"ROBERT FUNKHOUSER,
"Attorney for Plaintiff."

An appeal was taken from the judgment rendered in the justice's court in favor of plaintiff, but on the trial in the circuit court plaintiff again obtained judgment, from which the defendant prosecuted the present appeal.

The evidence tends to show that in the year 1899, defendant's son, Edward Vogelsang, contemplated going into business on his own account and preparatory to doing so wished to purchase some pamphlets, labels, letter-heads and envelopes from plaintiff. Plaintiff refused to sell the goods to the son for the reason that he was not acquainted with him, but on the recommendation of a friend agreed to sell them if defendant, whom he knew, would stand good for them. Plaintiff's testimony goes to show the sales were made at defendant's request on his promise to pay for the goods; that the merchandise was charged to defendant on plaintiff's business books and he alone was looked to for payment. On June 9, 1903, defendant paid five dollars on the bill, promised to pay some more and in about a week made another payment of two dollars. Defendant swore that he never had any dealings with plaintiff in his life, that one day plaintiff stopped him on the street and told him he had a bill against his son for $37, which he wished defendant to have his son pay; that defendant told plaintiff the young man was a beginner in business and plaintiff might have to wait awhile; that plaintiff frequently solicited payment on the account from defendant, and on one or two occasions defendant gave him a few dollars because plaintiff represented that he was in distress for money. There was a conflict of testimony as to whether the contract for the sale of the goods was made directly with the defendant or whether the latter only gave a collateral promise to pay the bill if his son did not.

Complaint is made of the rulings on the instructions and it is contended the statement filed with the justice is insufficient to support the judgment. In our

opinion the latter point is well taken. It will be observed that the statement contains no description of the merchandise sold or the dates on which the sales were made. For aught it contains, the goods may have been as well groceries or hardware, as stationery, and the dates may have been during any period preceding June, 1903. In fact the sales occurred on different dates in the year 1899. The statement was insufficient to apprise the defendant of the nature of the claim against him or to bar another action on the same demand. This is true, because there is nothing in it by which the particular merchandise that is the subject-matter of the action can be identified; nothing to show what sort of articles composed the claim, or when they were sold and delivered. Therefore, the facts needed for identification are not given. It is required that the statement of a cause of action in a case instituted before a justice of the peace shall inform the defendant concerning the demand and be sufficient to bar another case for the same subject-matter. [Weese v. Brown, 102 Mo. 299, 14 S. W. 945.] The statutes require the instrument sued on, or a statement of the account or the facts constituting the cause of action, to be filed with the justice. [R. S. 1899, sec. 6138.] In the succeeding section it is prescribed that if the suit is founded on an account, a bill of the items of the account shall be filed. This the plaintiff failed to do. There are precedents which control the decision of this point. Cases containing statements similar to the one in the case at bar have been passed on by the superior courts of this State and held insufficient. [Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Butts v. Phelps, 79 Mo. 302; Boughton v. Railroad, 25 Mo. App. 10; Doggett v. Blanke, 70 Mo. App. 499; Moffitt-West Drug Co. v. Johnson, 80 Mo. App. 428; McCreary v. Good, 74 Mo. 425.] An examination of the accounts filed as statements of causes of action in those cases will show that some of them were exactly like the account filed by plaintiff.

There appears to be some discrepancy among the decisions regarding the right to amend such a statement in the circuit court. We find that in some instances judgments have been reversed when the accounts filed were insufficient and no opportunity afforded to amend. This course was taken on the theory that the account gave the justice no jurisdiction over the subject-matter of the action, and hence there was nothing to amend. [McCreary v. Good; Moffitt-West Drug Co. v. Johnson, supra; Rechnitzer v. Candy Co., 82 Mo. App. 311.] In other instances the cause was remanded with a direction to permit an amendment. [Boughton v. Railroad; Doggett v. Blanke; Butts v. Phelps, supra; Hill v. Ore & Steel Co., 90 Mo. 103, 2 S. W. 289.] Attention was given to this question in Doggett v. Blanke, wherein an account or statement like the one we are dealing with, was held to state no cause of action and the cause was remanded with the direction to permit an amendment. The Supreme Court decisions appear to sanction that view. It is provided by the statutes that in cases appealed from a justice of the peace, the bill of items of the account sued on, or the statement of the cause of action filed before the justice, may be amended in the circuit court to supply any deficiency or omission, when substantial justice will be promoted thereby and the amendment will not introduce any new item or cause of action. [R. S. 1899, sec. 4079.] While we think the account filed by plaintiff shows no cause of action and is inadequate to support the judgment in his favor, we think, too, that he ought to be permitted to file an amended statement in the circuit court; though we do not say that all the decisions can be reconciled with this ruling.

Those which control this court support it. As an amendment will be allowed, plaintiff may as well state the facts on which he bases his demand; that is to say,

that the goods were furnished to the son at the request of the father on the latter's credit.

The judgment is reversed and the cause remanded. All concur.