WHITEWATER MERCANTILE COMPANY, Respondent, v. DEVORE, Appellant.

**St. Louis Court of Appeals, April 14, 1908.**

Opinion by Nortoni, J.

1. PLEADING: Running Account: Objections to Petition After Judgment: Aider of Petition by Answer. In an action on an account where the petition alleged that the plaintiffs sold and delivered to the defendant "goods, wares and merchandise" of a certain value, an itemized statement of which was attached to the petition, consisting of a series of items such as the following: "March 9, to merchandise by Chris Surface.. $3.00," the petition was insufficient if attacked before judgment in the trial court, but where the answer admitted that there was a running account between the parties during the time stated, the petition thus aided by the answer was good after judgment.

2. ———: ———: Bar to Another Action. In such case another action on account between the same parties for the value of merchandise sold on the same dates would be barred because after judgment all intendment must go in aid of the pleading.

Mercantile Co. v. Devore.

**Bland, P. J., dissenting.**

3. ————: ————. Under the provisions of section 630, Revised Statutes 1899, Annotated Statutes 1906, in an action on an account, the account filed with the petition is a part of the petition itself.

4. ————: ————: Objections to Petition After Judgment. Where a petition wholly fails to state a cause of action, advantage may be taken of it by motion in arrest or by calling the attention of the court to it for the first time on appeal.

5. ————: ————: Aider of Petition by Answer. In an action on account where the petition alleged that the plaintiffs sold and delivered to the defendant "goods, wares and merchandise" of a certain value, an itemized statement of which was attached to the petition, consisting of a series of items such as the following: "March 9, to Merchandise by Chris Surface... $3.00," the petition was fatally defective and advantage of the defect could be taken after judgment and such petition was not aided by an answer which admitted that there was a running account between the parties on the dates mentioned in the petition, but contained a denial of the correctness of the account.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

  _T. D. Hines_ for appellant.

NORTONI, J.—I cannot agree with all Judge BLAND says in the opinion. It is true the account itself is somewhat meagre. It is accompanied, however, by a petition in the usual form in actions of this nature. The account is annexed to this petition as parcel thereof and the two must be considered together. I am willing to concede that, had this pleading, petition and account been properly assailed by motion in the circuit court, it would have been proper to adjudge them insufficient for the reason they failed to inform the defendant of the specific items for which he was sued; and for the further reason it did not appear in what years the items of account were contracted. The defendant answered over, however,

and in his answer expressly admitted the running of a mutual account at the time stated by the plaintiff, pleaded numerous credits during the years 1904-1905, etc., and thereby, under the doctrine of express aider, when considered from the present standpoint after judgment, supplied the deficiency of the plaintiff's statement as to the years in which the items of indebtedness were contracted. Now the account thus aided by the answer shows it to have been for merchandise sold to the defendant and in every instance the name of the party purchasing for defendant is given. The name of the party who made the purchase for defendant is set opposite each purchase throughout the entire account, as it appears before us, and it served to notify the defendant to some extent with respect to the transactions. This, however, is of no importance after judgment. It might have been matter for consideration in the trial court had defendant moved to make the account more definite. In this respect, it seems the presiding judge treats the matter as having been assailed before judgment and deals with questions which would be entirely pertinent were that true; whereas the assault on the sufficiency of the statement is not made until after the entire merits of the controversy, including the sufficiency of notice to defendant conveyed by the account rendered, is merged in the judgment. Under such circumstances, when the sufficiency of the statement is first questioned after judgment, it is the familiar rule that all intendments must go in aid of the pleading, and it shall be declared insufficient only in those cases where it is so indefinite as to fail to bar another action for the same subject-matter. Under the rule thus given, we ascertain the account stated is for merchandise sold during the years admitted in the answer and on the specific dates and days of the month of each purchase, with the amount of each purchase. The petition to which this account is annexed, alleges the

account to have been for "goods, wares and merchandise." This allegation is broad enough to cover and include, and does include, every and all kinds of goods, wares and merchandise, and so it is sufficient to preclude another suit between the same parties for either goods, wares or merchandise. That is to say, if the plaintiff were to sue the defendant a second time on account of the same dates for any sort of goods, wares or merchandise, the judgment given upon the pleadings in the present action can be successfully pleaded in bar thereof. Under the rule stated, the petition and account, when aided by the answer, is certainly sufficient to support the judgment.

In the Vogelsang case, 117 Mo. App. 148, 149, 93 S. W. 326, cited in the opinion, the account was much more indefinite than the one now under consideration for the reason that although it stated the year to be 1903, no days of the month whatever were indicated when the alleged merchandise was purchased. It was not aided by defendant's answer nor was it accompanied by a petition, as in the case at bar. That case originated before a justice. There was no other statement of the cause of action than the defective account set out in the opinion. When the petition, account and answer are all considered together in this case, there appears a substantial compliance with the statute, at least. In such circumstances, it is the rule, after judgment, although the account is defective in not setting forth the items with a proper degree of certainty, the matter will be regarded as cured by the defendant's waiver, which results from his participating in the trial on its merits, as was done in this case, without properly directing the attention of the trial court to the insufficiency of the statement. [Meyer v. Chambers, 68 Mo. 626; Harford v. Boyes, 56 Mo. App. 139.]

Judge *Goode* concurring, the judgment will be affirmed. It is so ordered.

BLAND, P. J. (dissenting).—The action is to re-cover an alleged balance of $648.80, for goods, wares and merchandise alleged to have been sold and deliv-ered by plaintiff to defendant at his special instance and request.   The petition states that an itemized state-ment of the account is filed with the petition and made a part thereof.   Omitting caption, the answer is as follows:

"Comes the defendant in the above-entitled cause and for his amended answer and counterclaim, to plaintiff's petition herein, admits that for the period of time covered by statement of account in plaintiff's pe-tition, parties plaintiff and defendant had an open, mu-tual and running account, but denies each and every other allegation therein contained.

"And for further defense and counterclaim to the cause of action set up in plaintiff's petition, defendant says, that on the twenty-second day of August, 1904, defendant sold and delivered to plaintiff ——— bushels of clean wheat, at and for the agreed price and sum of four hundred dollars for which no credit is given defendant in plaintiff's statement.

"And July 14, 1905, paid by check $31.40, on the account to J. S. Medley and no credit therefor has been given defendant by plaintiff thereon.

"For another and further defense, defendant by way of counterclaim says that on April 2, 1904, he gave to plaintiff his check on the Cape Girardeau County Savings Bank, for the sum of fifty dollars, and that said check was duly paid to plaintiff and no credit entered on plaintiff's books to the defendant for the sum of fifty dollars.

"And for further answer by way of counterclaim defendant says that plaintiff on the ——— day of ———, 190—, took from defendant at the price and sum of $46.25 certain lumber and failed to give credit thereon.

"For another, further and different answer to plaintiff's petition herein, defendant says, that plaintiff seeks to charge him with the debt of others, viz., with the debt of Chris Surface, in the sum of eighty-seven dollars and ninety-five cents; with the debt of Bill Welker, in the sum of eighty-nine dollars and ninety-five cents; with the debt of Levi Cole in the sum of fifty-three dollars and no cents; with the debt of Frank Goodman, in the sum of twenty dollars and sixty-five cents; with the debt of Jake Surface in the sum of seventy-four dollars and fifty-five cents; that no promise was made by defendant, to plaintiff to answer for the debts of the parties above mentioned and that no memoranda in writing of any such contract, nor any other writing subscribed by defendant or any other person by him authorized to subscribe such contract or writing, was ever given.

"Wherefore, the defendant says that on the ——— day of, 1906, before the commencement of this action plaintiff was indebted to defendant in the sum of two hundred and four dollars, for which, with costs, he prays judgment."

1. Plaintiff recovered judgment for $476.80, from which defendant appealed. The abstracts are in such condition as to preclude us from looking into the evidence or reviewing any of the errors alleged to have intervened at the trial, so there is nothing before us for review but the record proper. There are one hundred and sixty items in the account filed with the petition, in no one of which the article or merchandise sold is named or described. The first fifteen items of the account are as follows:

"March  9, to merchandise by Chris. Surface.... $3.00
  "    15, to merchandise by Chris. Surface.... 1.95
  "    22, to merchandise by Chris. Surface.... 2.00
  "    30, to merchandise by Chris. Surface.... 6.00
April  4, to merchandise by Chris. Surface.... 2.00

April    4, to merchandise by Bill Welker ....... 3.00
  "      9, to merchandise by Bill Welker...... 3.00
  "      9, to merchandise by Chris. Surface.... 2.80
  "      9, to merchandise by Goodman......... .25
  "     13, to merchandise by Goodman........'..... 7.80
  "     15, to merchandise by Bill Welker...... 3.10
  "     15, to merchandise by Chris. Surface.... 3.90
  "     16, to merchandise by Cole............. 7.55
  "     23, to merchandise by Chris. Surface.... 2.40
  "     23, to merchandise by Bill Welker...... 5.00"

The remainder of the items are exactly like these except as to date, the name of the person to whom the merchandise was furnished, and the amount, and every item in the account is noted as merchandise bought by some person other than defendant. Defendant contends that the itemized account does not meet the requirements of the statute (sec. 630, Ann. Stat., 1906) and is insufficient to bar another action and therefore insufficient to support the judgment. The section (630) requires the party in his petition on an account, to either set forth the items of the account in the petition, "or attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the petition." By virtue of this section the account filed with plaintiff's petition is a part of the petition itself. [Coombs Com. Co. v. Block, 130 Mo. 668, 32 S. W. 1139; Connor v. Heman, 44 Mo. App. 346.]

In Rechnitzer v. Vogelsang, 117 Mo. App. l. c. 149, 93 S. W. 326, the following account filed before a justice of the peace was held insufficient to support a judgment:

"Mr. Henry Vogelsang, acct. for Edw. J., 10th and Olive.

    To Mdse. as per bills .................$68.00
    To Mdse. as per bills ................. 11.80
                                           ———
                                           $79.80

1903.
June   9, by cash ...............$5
June  16, by cash .............. 2     7.00
                                       ─ ─ ─
        Balance due ................. ..$72.80"

Defenses of this character may be taken advantage of by motion to make the pleading more definite, or by objection to the introduction of any evidence on the pleading. But there is no rule of practice that requires a party to notify his adversary of fatal defects in his pleadings; and a petition that wholly fails to state any cause of action may be taken advantage of by motion in arrest of judgment, or the attention of the court may be called to it for the first time on appeal. [Peltz v. Eichele, 62 Mo. 171; Nance v. Railway, 79 Mo. 196; Ward v. Railway, 91 Mo. 1. c. 171, 3 S. W. 481.]

2. Section 604, Ann. Stat., 1906, says: "The answer of the defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant," etc. Section 628, of the Code, provides: "Every material allegation of the petition not controverted by the answer, . . . shall, for the purposes of the action, be taken as true," etc. Under these sections all material allegations in the petition, not denied by the answer, shall be taken as confessed. [Marshall v. Insurance Co., 43 Mo. 586; Billings v. Iron & Rail Co., 86 Mo. App. 228; State ex rel. v. Henderson, 86 Mo. App. 482.] The answer is somewhat involved but we do not think it is evasive. In the last paragraph of the answer objections to the sufficiency of the account are stated. The first paragraph admits there was a running account between plaintiff and defendant during the period of time covered by plaintiff's statement, but there is no admission that the account sued on is the true account between the parties during that period, and the concluding clause of the paragraph is a denial of each and every

other allegation in the petition, and as the account is a part of the petition, we think this clause is a denial of the correctness of the account. The account filed with the petition being wholly insufficient to bar another action on the same cause of action, the petition is fatally defective. But it is suggested that the account is aided by the answer. The answer states that for the period of time covered by the statement of account there was an open and mutual account between plaintiff and defendant. The omission to state the year or years in which the merchandise was sold and delivered is aided by the answer, but the year or years in which the account accrued is not the only or the principal omission to state facts sufficient to constitute a cause of action. The statute and the rules of pleading require that the items of the account shall be stated with sufficient definiteness to identify the particular items of merchandise sold and delivered to defendant, or to the persons named in the account on his order. Not an article of merchandise is stated in the petition, or in the account filed with the petition and made a part of it. Every entry in the account is "to merchandise." Merchandise may mean cambric needles or crow bars, sugar or vinegar, Coates No. 200 cotton thread or two inch cable rope, or it may mean any one of the hundreds of articles classed as merchandise. On such a petition the plaintiff would not be confined to prove any statement of a fact, but the scope of the petition would allow him to prove any one of the hundreds of articles classed as merchandise to establish any one or all of the so-called items of his account and if he did not succeed in proving any one of the one hundred and sixty items, by directing his evidence to a particular article he could experiment with another and so on through the hundreds of articles coming within the definition of merchandise, or until he hit upon one that suited his purpose. To hold that such a statement

is an itemized account, or a statement of a cause of action, would be to fly in the teeth of the statute requiring an itemized statement of the account and to violate the other statute of the Code, requiring a plain and concise statement of facts constituting the cause of action. The petition, of which the account constitutes the gist of the action, is not only defective but fails to state any cause of action. I think the judgment should be reversed and the cause remanded.