THE B. F. GOODRICH RUBBER COMPANY, RESPONDENT, v. EUGENIA C. ROBERTSON, EXECUTRIX, APPELLANT.*

Kansas City Court of Appeals.   March 1, 1926.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 1634, p. 51, n. 21; section 2234, p. 490, n. 42; section 2235, p. 490, n. 47-48; section 2364, p. 557, n. 47; section 2853, p. 878, n. 82; Equity, 21CJ, section 208, p. 207, n. 1; Estoppel, 21CJ, section 176, p. 1170, n. 67; Executors and Administrators, 23CJ, section 323, p. 1131, n. 38; Judgments, 34CJ, section 1119, p. 727, n. 12, 13; section 1122, p. 728, n. 28; Witnesses, 40Cyc, p. 2296, n. 67; p. 2297, n. 70; p. 2307, n. 55.

*Paul Barnett* for respondent.

*Lamm & Lamm* and *Bohling & Bohling* for appellant.

ARNOLD, J.—This is an appeal from the action of the trial court in sustaining a motion to compel the executrix of the Estate of R. S. Robertson to satisfy a judgment of record.

On February 10, 1922, The B. F. Goodrich Rubber Company secured a judgment for $1765 against one W. N. Bennett in the circuit court of Pettis county, Missouri. This judgment was assigned on April 13, 1922, by the Goodrich Company to R. S. Robertson. On September 9, 1923, Mr. Robertson died and his estate passed into the hands of his widow, the executrix thereof. Subsequent to the death of Robertson and prior to the filing of the motion by W. N. Bennett, defendant herein, demand was made on the executrix to satisfy said judgment, and said demand was refused. The judgment secured by the Rubber Company became a lien upon the land of Bennett, said land being afterwards sold to Q. A. Morgan, subject to the lien.

Further facts as set forth in the motion are that on or about February 10, 1922, the Rubber Company entered into a written contract with said Morgan and R. S. Robertson whereby it was agreed that the Goodrich Rubber Company should assign said judgment to Morgan and Robertson, and that Morgan as principal and Robertson as surety should execute to said Goodrich Rubber Company a promis-

512

sory note due in six months at seven per cent per annum. Pursuant to such written agreement the said note was so executed and delivered and, upon Morgan's request, the said judgment was assigned to Robertson as a protection to him as endorser of the note. On August 11, 1922, said Q. A. Morgan paid said note in full, Robertson paying no part thereof. Thereafter W. N. Bennett entered into a written contract with said Morgan whereby all claims, liabilities, judgments and other indebtedness owing by Bennett to Morgan were settled, including the Goodrich judgment and including also the costs of said suit which were paid by Morgan.

There is of record an assignment showing that the said judgment was the property of Robertson, but there is not shown of record any release of the judgment by Robertson, or anyone else.

As stated, R. S. Robertson died in September 1923, and on the 13th day of that month, Eugenia C. Robertson was appointed executrix of his last will and testament. By her said appointment all the right, title and interest in and to the judgment in question that R. S. Robertson might have had, by operation of law, passed into the hands of said executrix.

On September 11, 1924, and prior to the filing of the motion, herein, demand was made upon said Eugenia C. Robertson, executrix, that she enter satisfaction of said judgment upon the records of the court, which demand was refused. A hearing was had on the motion at which testimony was heard and the motion was sustained, the order prayed being entered accordingly. A motion for a new trial was unavailing and the executrix has appealed.

Defendant attacks the sufficiency of the record and by motion asks dismissal of the appeal. In this connection, it is pointed out that there is no record proper before us, and by this is meant the record proper in the suit of the Goodrich Rubber Co. v. Bennett—the original case in which the judgment for $1765 was secured. It is argued that the recital of the motion in this case is a mere excrescence upon the record and that, since a motion is not a pleading, it follows that none of the pleadings in this case has been incorporated in the record proper.

It is true that in the record proper herein none of the pleadings in the original suit are incorporated. It is the rule that this court must see to it that a judgment was rendered upon proper pleadings, but we hold that such a rule does not apply herein, there being no controversy as to the proper rendition of the original judgment. The only question involved in this appeal is that of the ruling of the court on the motion to satisfy the judgment. Our rule 15 requires that the appellant in his printed abstract of the record shall set forth so much thereof as is necessary to a full understanding of all the questions presented to us for decision.

The first ground set out in the motion to dismiss the appeal is that the pleadings in the original case are not set out. The judgment sought to be satisfied is not questioned by any of the parties to this record but is conceded by all to be valid, binding and regular. The only pleading considered by the court below upon which this appeal is based is the motion to satisfy of record the original judgment.

It is further charged in the motion to dismiss the appeal that no process upon appellant is set out. Appellant does not question the court's jurisdiction over her in the proceedings, and in these circumstances, we think the record not defective in this respect.

Further, it is charged that the record proper herein fails to show any entry of appearance by appellant waiving process. From the record, however, we have no difficulty in learning that the appellant was present at the hearing. It has been held (Shuff v. City, 257 S. W. l. c. 847) that our rule 12, requiring the summons and return to be set out. applies only to the clerk of the trial court in the making of transcripts in the long form.

As covering all points of appellant's objection to the record, our view of the case is tersely recited in Douglas v. Orr, 58 Mo. 573, as follows:

"Respondent's counsel make the point in their brief that there is no appeal here. A motion was filed at the last term to strike this case from the docket for that reason; but on suggestion of diminution of record, a *certiorari* was issued, to which return has been made, and the record now here contains an entry in the bill of exceptions, that an affidavit for appeal was filed and an appeal granted. This entry should appear in what is termed "the record proper," but all portions of the record are of equal dignity here and we cannot turn the appellant out of court on this objection. The pleadings and judgment in this case also appear in the bill of exceptions, and not elsewhere. All this is informal and improper, but we do not think it justifies us in refusing to pass upon the merits of the controversy."

To compel the satisfaction of a judgment that has been paid is a statutory proceeding (sec. 1577, R. S. 1919) and may be instituted by petition or motion. Defendant chose to proceed under the latter and the record proper herein sets out the motion in full, together with the rulings and orders of the court, motion for new trial and the overruling thereof. The motion to dismiss the appeal is overruled.

Proceeding to a discussion of the appeal on its merits, the first point to be considered is the charge that the court erred in admitting incompetent evidence of witness Morgan, the point being that Morgan was a party to the *res* at issue, the other party thereto, Robertson, being dead; that Morgan, being the owner of the real estate against which the judgment standing of record is a lien, is one of the parties in interest. and therefore not a competent witness, the other party being dead.

At common law one interested in the result of an action was not a competent witness. [Keiser v. Moore, 14 Mo. l. c. 28.] However, under section 5410, Revised Statutes 1919, it has been held that where one of the parties in interest is dead, the adverse party, whether a party to the record or not, is incompetent as a witness under the record made. [Ring v. Jamison, 66 Mo. 424; Meier v. Thieman, 90 Mo. l. c. 442.]

It is urged that where the equities are equal, the law will prevail and that where one of two innocent parties must suffer from a wrongful act, he must suffer who places the parties in the position in which the court finds them, and that in this case, it was Morgan who placed the parties in their present position. It is also argued that no man is entitled to the aid of a court of equity when that aid becomes necessary through his own fault. These terse statements of the law are found to be supported by the citations offered.

Obviously appellant is proceeding upon the mistaken theory that it is an action in equity, whereas it is really a proceeding at law. The general rule in this respect is stated in 34 C. J. 727, as follows:

"A motion to have satisfaction of a judgment entered of record upon the ground of payment since its rendition is merely a motion in a cause still pending, (and) is neither a special proceeding nor a civil action. It is a legal and not an equitable proceeding."

The same authority (p. 728) states that "relief is not usually obtainable on a bill in equity alleging satisfaction, since the parties have a full and complete remedy at law, although in some jurisdictions the remedy by motion and that by bill in equity have been held concurrent." Our statute (sec. 1577, R. S. 1919) provides for such situation as is here presented by specifying a procedure at law. Appellant's citations do not apply.

The objections to the testimony of Q. A. Morgan were general and asked that he be not permitted to testify at all. This position, of course, is not tenable, for the reason that where a surviving party to a proceeding is placed on the stand, he should be permitted to testify unless, and until, the examination discloses a purpose to violate the rule as to disqualification. [Elsea v. Smith, 273 Mo. 396, 202 S. W. 1071.] Section 5410, Revised Statutes 1919, is not intended to render incompetent, as a witness for all purposes, the surviving party to a proceeding, but only to the extent that his testimony might be subject to denial by the other party, if living. The disqualification is limited to matters subject to dispute between the witness and the deceased party. An examination of the record herein discloses that the evidence of Morgan, except as to the transactions with Bennett which occurred after the death of Robertson and after his will was probated, went chiefly to the identification of signatures to instruments properly introduced in evidence. In these circumstances the

admission of Morgan's evidence was not error. [Banking House v. Rood, 132 Mo. 1. c. 263; Conley v. Johnson, 222 S. W. 1. c. 892.]

Appellant's objection to the testimony of Morgan in identifying the original contract under which he and Robinson agreed to execute a note to the Goodrich Company and take an assignment, is without merit, for the reason that they were co-parties to the same side of the transaction and the adverse party was still living. [Vandergrif v. Swinney, 158 Mo. 527.] Appellant's objection is not that Morgan was permitted to testify to any specific thing, but that he was permitted to testify at all.

There are several sub-assignments of error following the general assignment above mentioned, but in each instance they relate to Morgan's competency as a witness generally and not that he was permitted to testify to any particular thing. The Supreme Court has tersely stated the rule in this State in Elsea v. Smith, supra, 202 S. W. 1. c. 1073, where it is said:

"This statute was not intended to render incompetent as a witness for all purposes the surviving party to the proceeding, but only to the extent that his testimony might be subject to question by the other party if living. In other words, the disqualification is not general, but is limited to transactions between the witness and the party then dead. [Citing authorities.] Ruled otherwise, the reason for the statute ceases to exist. When, therefore, the surviving party to a proceeding is placed on the witness stand, as in this case, a general objection to the admission of his testimony, based on the death of the other party, should be overruled, unless the examination discloses a purpose to violate the reason of the rule. In short, the portion of the statute under review is not one of absolute exclusion, but of limitation. Until the limit has been reached, such a witness' testimony is as competent, except for the inhibited purposes, as that of any other. The objection urged, therefore, to George W. Elsea's testimony, while it directly stated the reason why same might be incompetent, was ineffectual to preserve the reviewable error, unless upon an attempt being made to introduce evidence of the character intended to be excluded by the statute, timely objection had been made to its admission, and exceptions saved to an adverse ruling in regard thereto."

We hold the testimony of Morgan was properly admitted.

Finally, it is urged that the evidence adduced fails to establish a duty upon the judgment assignee to satisfy the judgment. Of course, we do not want to be understood as passing upon the evidence—not being our prerogative. The assignment last named may be taken, in effect, as a demurrer to the evidence. The cause was tried to the court sitting as a jury and where there is any substantial evidence to support the judgment rendered, we will not disturb the finding.

The testimony of J. D. Bohling as to the instruments identified and explained by him was sufficiently substantial to support the judgment

and order of the court without the evidence of Morgan, except, of course, that referring to the contract between Bennett and Morgan executed after the death of Robertson, and to which he was not a party. [Const. Co. v. Goldsmith, 273 Mo. 184, 201 S. W. 354; Billings v. Iron & Rail Co., 86 Mo. App. 228.] Under the facts in the instant case and the law as applied thereto, we are not authorized to disturb the judgment and order of the court. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.