MINOS C. VINCENT, Appellant, v. JOHN R. MEANS and JOHN CLAPP.

Division Two, December 10, 1907.

1. FINDING: By Court Sitting as Jury: Law Case. A presumption in favor of the correctness of the finding of the court sitting as a jury in a law case (ejectment) is to be indulged, just as it is indulged in favor of the correctness of a verdict of a jury in a like case; that is, it will not be disturbed by the Supreme Court unless there is an absence of substantial evidence to sustain it.

2. INSTRUCTION: Second Appeal: Copied in Opinion. The fact that an instruction was set out in the statement on the former appeal, no point being made thereon, nor any mention thereof in the opinion, does not mean that it was then approved or that it embodied the law of the case.

3. **DEED: Defective Acknowledgment.** A deed properly signed and delivered, with the intent of vesting the title in the grantee, not recorded in this State because acknowledged before a justice of the peace of another State who had no authority to take acknowledgments to deeds of lands in this State, is just as effectual to convey title to the grantee as it would have been had it been properly acknowledged and recorded; but it is not good against an innocent purchaser from the same grantor.

4. ———: **Existence: Proper Evidence.** The existence of a deed from plaintiff to his brother, through whom defendant claims title, and the recognition by both of the brother as owner, may be shown by facts and circumstances, where plaintiff denies the existence of the unrecorded deed, and tries to recover the land by disputing his brother's right to sell it.

Appeal from Putnam Circuit Court.—*Hon. Geo. W. Wanamaker*, Judge.

AFFIRMED.

*John C. McKinley* and *Higbee & Mills* for appellant.

(1) The uncontradicted evidence is that a fiduciary relation existed between plaintiff and his brother, who agreed to pay the taxes and look after plaintiff's lands. Defendant proved plaintiff's assertion of this relation by McClanahan in his interview at Salt Lake City in 1892, and by Marshall and Brawford in 1894 at Unionville. A. B. Vincent was plaintiff's agent when he leased it to Marshall in 1885, and when Marshall fenced it in July, 1885. This possession in its inception was the possession of plaintiff. He could not be tricked nor cheated out of it by any artifice of his brother. A. B. Vincent's sale and deed to Means, followed by the latter's exclusive possession, did not give the possession an adverse character. To convert a friendly or subordinate possession into an adverse possession, in any case, there must be a clear, positive and continued disclaimer and disavowal, and an assertion of an adverse right, brought home to the owner.

These are indispensable before any foundation can be laid for the operation of the statute. Zeller's Lessee v. Eckart, 4 How. 296; Hamilton v. Boggess, 63 Mo. 249; Budd v. Collins, 69 Mo. 139; Meier v. Meier, 105 Mo. 431; Stevenson v. Black, 168 Mo. 561; Coberly v. Coberly, 189 Mo. 17; Hart v. Adams, 86 Mo. App. 80; Pitzman v. Boyce, 111 Mo. 392; McCune v. Goodwillie, 102 S. W. 997; Stewart v. Miles, 166 Mo. 181. The court, therefore, erred in refusing declaration 3, prayed by plaintiff, and by striking out the latter part thereof inclosed in brackets. This identical declaration, including the part in brackets, was given on the first trial, was assigned as error by defendant, but received the approval of this court and is the law of the case. 184 Mo. 338. (2) The record title to this land was in plaintiff. The plat book of entries and the records of the patents in the General Land Office were notice to the world. That Marshall may have supposed A. B. Vincent was owner does not alter the complexion of the case. That A. B. Vincent never told Marshall plaintiff had made him a deed until he invented that falsehood in his letter of March 18, 1891, is clear beyond all question, from Marshall's letter of March 23, 1891, and all the prior correspondence. But if A. B. Vincent did from the first claim ownership of the land, Marshall's possession was none the less plaintiff's possession; neither he nor Means could claim any other right against plaintiff than A. B. Vincent could rightfully claim, and neither could "dispute the title of his landlord until and unless he first surrender possession to his landlord." Stewart v. Miles, 167 Mo. 181. Yet this hypothetical admission, recalled after the lapse of years, is made the basis of a claim of title. "It would be too hazardous to divest titles upon such uncertainties." Fanning v. Doan, 139 Mo. 414. It cannot be considered for the purpose of proving the execution of a deed, and of overturning a legal title, especially when positively denied

by plaintiff. 2 Wharton Ev. (1 Ed.), secs. 1082, 1089, 1092-3-5; 1 Greenleaf Ev. (13 Ed.), sec. 200, n. a., and 201. The giving of defendant's declaration 1 was therefore error.

*N. A. Franklin, D. M. Wilson* and *A. W. Mullins* for respondents.

(1) The evidence on the trial tended strongly and we think to a reasonable certainty to support the claim made by A. B. Vincent, and this for a period of twenty-odd years before he sold the land to Means through Marshall as agent, that the land was his and had been conveyed to him by his brother, the plaintiff, by a deed of conveyance defectively acknowledged—the acknowledgment having been taken by a justice of the peace in the State of Ohio. But if such deed was made by the plaintiff to his brother, A. B. Vincent, and delivered to him, it conveyed the title though defectively acknowledged and not therefore entitled to record, or though neither acknowledged at all or recorded. Vincent v. Means, 184 Mo. 327; Parsons v. Parsons, 45 Mo. 265; Stephens v. Hampton, 46 Mo. 404; Tiedeman on Real Property, sec. 810. (2) If A. B. Vincent was not the agent of the plaintiff with respect to the land in question when he by his agent, Marshall, made the sale of it to Means, and under his purchase Means entered into the actual and exclusive possession of the land, on or about March 1, 1889, and from that time on to the commencement of this action, to-wit, February 28, 1901, said defendant remained in the actual possession thereof by himself, his agents and tenants, claiming said land as his own, then the plaintiff's right of action was not only barred by the ten-year Statute of Limitations but the absolute title of the land had become vested in the defendant Means. Mississippi County v. Vowels, 101 Mo. 225; Wilkerson v. Eilers, 114 Mo. 245; Ekey v. Inge, 87 Mo. 493; Barry v. Otto, 56 Mo. 177; Fulkerson v. Mitchell, 82 Mo. 13.

BURGESS, J.—This cause was before this court on a former appeal by the defendants, and was then reversed and remanded for further trial. [184 Mo. 327.] The last trial resulted in a judgment for defendants, from which judgment, after an unavailing motion for a new trial, plaintiff appeals, and assigns error.

The action is ejectment for a tract of land in Putnam county. The case was tried by the court without the aid of a jury. In the former opinion of this court the facts in the case were fully stated, but upon the last trial additional facts were shown by defendants which confirmed their position on the former appeal.

As the cause was tried by the court, a jury being waived, the same presumption is to be indulged in favor of the correctness of the finding as the verdict of a jury, and it will not be interfered with by the Supreme Court unless there be an absence of substantial evidence to sustain such finding. [Irwin v. Woodmansee, 104 Mo. 403; Godman v. Simmons, 113 Mo. 122; Gould v. Smith, 48 Mo. 43; Gaines v. Fender, 82 Mo. 497.]

Plaintiff contends that the court erred in refusing to give declaration of law numbered 3, as asked by him, and in giving it in a modified form. As asked, it reads:

"If the court, sitting as a jury, find from the evidence that plaintiff entered the land in question and made arrangements with his brother, A. B. Vincent, to look after the land and pay the taxes thereon, and his brother agreed to do so, and plaintiff went away and has resided abroad, relying upon his brother to pay the taxes on said land, and about the year 1885 said A. B. Vincent leased the land in his own name to witness Marshall, without disclosing that he was acting as agent for plaintiff, and witness Marshall fenced the land and paid taxes thereon under the terms of his lease for the use of the pasture, and remained in possession of

said land under said agreement until March, 1891, when said A. B. Vincent sold and conveyed said land to defendant Means, then you are instructed the relation of said A. B. Vincent to plaintiff was that of agent, and the possession of witness Marshall was not under claim of ownership, either in himself or of A. B. Vincent, but was consistent with and not in opposition to nor adverse to plaintiff's title and ownership; in other words, the law presumes that Marshall's possession up to the time A. B. Vincent conveyed said land to Means, in March, 1891, was in law and in fact plaintiff's possession, and this possession could not be changed to an adverse possession by any intent on the part of A. B. Vincent not disclosed to plaintiff.

'' [Before this presumption of the law can be overthrown, defendant Means must show by the preponderance or greater weight of the evidence that actual notice was brought home to plaintiff ten years before this suit was brought that A. B. Vincent claimed to be the actual owner of said land, and had repudiated the relation of agent for plaintiff as to said land, and that plaintiff had notice thereof more than ten years before this suit was brought, and unless the court so find the verdict will be for the plaintiff.]''

The court eliminated from said declaration all of that part in brackets, being the last sentence, and then gave it as thus modified.

It is said by plaintiff ''that this identical declaration, including the part in brackets, was given on the first trial, and was assigned as error by defendants, but received the approval of this court, and is the law of the case.'' But this is a misapprehension of the facts as disclosed by the record. This declaration of law was simply copied in the record, as were all other declarations of law in the case, but no point was made thereon, nor was there any mention of it in the opinion. It cannot, therefore, be said that it was approved by

this court, or is the law of the case. Judge Fox, speaking of a similar instruction in the recent case of State v. Fogg, 206 Mo. 696, held that the mere fact that an instruction given by the trial court is incorporated in the statement by the appellate court does not mean that such instruction is without objection or has the approval of this court.

It is probable that the paragraph in question was stricken out by the court because it eliminated and removed from its consideration one of the vital issues in the case, and upon which the evidence was conflicting; that is, as to whether plaintiff had conveyed the land in question to his brother, A. B. Vincent, about the year 1867.

The evidence tends strongly to show that A. B. Vincent, for more than twenty years before he sold the land to defendant Means, through Marshall as agent, claimed that the land belonged to him and had been conveyed to him by his brother, the plaintiff, by a deed of conveyance defectively acknowledged, such acknowledgment having been taken by a justice of the peace in the State of Ohio. Not being properly acknowledged according to the laws of this State, it could not be admitted to record here; but if, as there was much evidence tending to show, it was signed and delivered by M. C. Vincent to his brother, A. B. Vincent, with the intent and purpose of vesting the title in him, it was just as effectual to pass the title as if it had been properly acknowledged and recorded. Of course, it would not have been good against an innocent purchaser from M. C. Vincent.   [Vincent v. Means, 184 Mo. 327; Parsons v. Parsons, 45 Mo. 265; Stevens v. Hampton, 46 Mo. 404; Tiedeman on Real Property, sec. 849.]

It is said for plaintiff that even if A. B. Vincent did from the first claim ownership of the land, Marshall's possession was none the less plaintiff's possession, and that neither Marshall nor Means could

claim any right against plaintiff which A. B. Vincent could not rightfully claim, and neither "could dispute the title of the landlord until and unless he first surrendered possession of his land." If, as contended by defendant, A. B. Vincent owned the land as far back as 1867, it is not a little difficult to see how Marshall's or Means's possession was plaintiff's possession, for neither of them took or held under him, but under A. B. Vincent, who claimed to own the land and exercised acts of ownership over it.

Plaintiff also claims that the evidence introduced by defendants as tending to show the existence of the deed in question was not sufficient for that purpose. Fanning v. Doan, 139 Mo. 392, which is relied upon by plaintiff as supporting his contention, was an action in ejectment to recover possession of an undivided one-fifth of a tract of land in Grundy county. In that case it was sought by verbal testimony to control the express provisions of the deed, and this court said "it would be too hazardous to divest titles upon such uncertainties." But that is not this case. Here only was sought to be shown the admission by both M. C. Vincent and A. B. Vincent of the execution of a deed from the former to the latter for the land in question, and the claim by A. B. Vincent of the land, and his exercise of acts of ownership over it for many years, during which a small portion of it was condemned as his property for a railroad right of way, and his receipt of the damages allowed therefor, and the sale of the balance of the tract to Means for $800, of which purchase price Means paid him $200, and the execution by Means of a mortgage on the land to secure the payment of the balance of the purchase money. No attempt whatever was made to alter or in any way change or contradict the deed, but the fact of its existence and its recognition by both plaintiff and his brother could properly be shown by evidence, and facts and circumstances were as compe-

tent for that purpose as for the purpose of establishing any other fact or issue in the case.

Plaintiff challenges declaration of law numbered 3 given in behalf of defendant upon the ground that it assumes that Marshall took possession and fenced the land in 1884, while the evidence shows that possession was taken by him for A. B. Vincent in the spring of 1885. Conceding that the time mentioned in the declaration was erroneous, and should be fixed as in the spring or summer of 1885, instead of 1884, we are unable to see how plaintiff was prejudiced by this mistake, because, according to the evidence and the theory upon which this declaration is based, plaintiff's cause of action was barred by the ten-year Statute of Limitations long before the institution of this suit on February 28, 1901. This declaration is based, of course, upon the theory, as to which there can be no question, that A. B. Vincent was the owner of the land when Marshall enclosed it by fence for him, after which he held it adversely to all the world, and that when defendant Means purchased the land from him and took actual possession of it, he succeeded to Vincent's possession, which continued to be adverse, and nothing that A. B. Vincent could do after said sale and purchase could change the nature of such possession.

The declarations of law given by the court presented the case very fairly for both parties, and the finding and judgment were well warranted by the evidence.

The judgment should be affirmed. It is so ordered. All concur.