STATE v. IGNATIUS PAGE, Appellant.—58 S. W. (2d) 293.

Division Two, February 4, 1933.

*Freeman L. Martin* for appellant.

*Stratton Shartel,* Attorney-General, and *Ray Weightman,* Assistant Attorney-General, for respondent; *Lieutellus Cunningham* of counsel.

COOLEY, C.—Defendant was convicted in the Circuit Court of the City of St. Louis of forgery in the second degree as defined by Section 4180, Revised Statutes 1929. After an unavailing motion for a new trial he was duly sentenced to five years' imprisonment in the penitentiary, the punishment assessed by the jury, and has appealed.

The indictment was based upon the first subdivision of said Section 4180 making it a crime for any person authorized to take the proof or acknowledgment of any conveyance of real estate, or of any instrument which, by law, may be recorded to "wilfully certify that any such conveyance or instrument was acknowledged by any party thereto, when, in truth, no such acknowledgment was made." The indictment charged:

"That Ignatius Page on the 28th day of March, One Thousand Nine Hundred and Twenty-nine at the City of St. Louis aforesaid, being then and there a notary public within and for said City of St. Louis, and as such authorized to take the acknowledgment of conveyances of real estate situate in said City of St. Louis, and which conveyances, by law, might then and there be recorded in the record of deed in the Recorder's Office in said City of St. Louis, a certain conveyance of real estate, to-wit: a deed purporting to be executed, signed, sealed and delivered by JESSIE MOODY, curatrix of CLYDIE MAE MOODY CUNNINGHAM and LUCIUS CUNNINGHAM, her

husband, then and there being, whereby the said JESSIE MOODY, curatrix of CLYDIE MAE MOODY CUNNINGHAM and LUCIUS CUNNINGHAM, her husband, in consideration of the sum of seventeen hundred dollars ($1,700.00) to them paid by Douglas G. Lewis of the City of St. Louis and State of Missouri, sold, assigned and conveyed unto the said DOUGLAS G. LEWIS, and to his heirs and assigns forever, the following real estate, situate in said City of St. Louis, Missouri, described as follows, to-wit: (here follows description of real estate) he, the said IGNATIUS PAGE, as such Notary Public, unlawfully, wilfully, falsely, corruptly and feloniously did certify was by the said JESSIE MOODY, curatrix of CLYDIE MAE MOODY CUNNINGHAM and LUCIUS CUNNINGHAM, parties thereto, acknowledged before him on the 28th day of March, 1929, and that she, the said JESSIE MOODY, curatrix of CLYDIE MAE MOODY CUNNINGHAM, acknowledged that she, JESSIE MOODY and he, LUCIUS CUNNINGHAM executed the same as their free act and deed, when in truth no such acknowledgment of said conveyance was then or at any other time ever made by the said JESSIE MOODY before the said IGNATIUS PAGE, nor was any acknowledgment whatever of said conveyance ever made by the said JESSIE MOODY; Against the peace and dignity of the State.''

The above indictment was numbered 279 in the circuit court. By another indictment numbered 278, returned at the same time, defendant was charged with forgery in the first degree, under Section 4175, Revised Statutes 1929, for having, as it was alleged, forged the deed referred to in indictment No. 279 by wilfully and feloniously forging and counterfeiting and causing and procuring to be forged and counterfeited the mark and name of Jessie Moody and the name of Lucius Cunningham thereto, with intent to injure and defraud. Before the trial of the instant case defendant had been tried and acquitted under indictment No. 278. By a written plea in bar filed before the trial and also by evidence offered at the trial of the instant case he interposed the acquittal under the first indictment as a bar to his further prosecution under the second, which plea the court overruled.

In their brief here counsel for the State thus succinctly set out the facts which the State's evidence tended to show:

''The evidence is voluminous, uncertain and conflicting, much of it incompetent but admitted without objection: That for the State tends to prove that Jessie Moody was curatrix of Clydie Mae Moody, her step-daughter, who received about $1,500 insurance upon the death of her father. The money was invested upon order of the Probate Court in real estate located at 4323 Cottage Avenue, St. Louis, Missouri. The ward married and sought to sell the property and employed the defendant, who handled the business for her and her husband. After unsuccessful efforts to sell the property during which

$250 was turned over to the ward and spent by her, it was returned to the proposed purchaser, but by whom, it is not clear. Further efforts were made and the deed in controversy appeared. Jessie Moody, the curatrix, denied signing the deed. Joseph McLemore was her attorney and represented her in matters concerning the estate. He testified that he knew nothing about the property being sold until a representative of the Southern Surety Company came to his office to discuss it and Mrs. Moody got in touch with him about the property being sold. The records showed that the Probate Court ordered the property sold. Suit was brought and judgment recovered on the defendant's bond as notary public. [Note: This fact was shown only by oral testimony which, however, went in without objection. It did not show the specific grounds on which the judgment was obtained.] Jessie Moody testified in substance that she had nothing to do with the defendant about selling the property or making the deed, and did not appear before him and put her mark on the deed conveying the property to Douglas G. Lewis, and Clydie Mae Cunningham testified in substance that Douglas Lewis brought the defendant to her about selling the property and that he said that Jessie Moody was supposed to sign for the property; that Jessie Moody never signed the deed; that she got $250 and spent the money; that Jessie Moody met with them in Probate Court and talked with defendant there; that she did not know anything about Mrs. Moody signing any receipt or papers there. . . .

"The deed was introduced in evidence over the objection of the defendant that it had not been identified. There was no direct evidence identifying the deed, or that the defendant certified the acknowledgment as a notary public, or that he was a notary public, or identifying his signature to the certificate."

Such further facts as it may be necessary to state will be given in connection with points upon which they bear.

I. The sufficiency of the indictment is challenged on the ground that it fails to allege that the act charged was done with intent to defraud. Appellant cites several decisions of this court in which such allegation was held necessary in an indictment for forgery, but they are cases based upon statutes in which such intent was specified as an element of the offense. The statute under which the indictment in this case was drawn does not contain that or similar language. By its terms it makes the wilful certification by one authorized to take and certify acknowledgments that an instrument which may be recorded was acknowledged before him when in truth it was not, a criminal offense, without specifying that such false certificate must have been made with intent to injure or defraud. We have been able to find no decision directly in point based on a like statute. Aside from the decisions above referred to appellant cites

94

two authorities, Sherwood's Commentaries on the Criminal Law of Missouri, page 342, and 1 Wharton's Criminal Law (9 Ed.), section 742. The former in effect says that under the section of the statute here involved it is necessary to allege an intent to defraud, stating that "In all prosecutions for forgery, it is indispensably necessary that the indictment allege *an intent to defraud,* and this whether or not the statute of prosecution prescribes such requisite." Sherwood cites as authority for the text only Wharton, supra. In the latter it is stated that "Intent to defraud is necessary to be averred even under statutes not prescribing such requisite," citing Wharton Cr. Pl. and Pr. sections 164, 165, Wharton Crim. Ev., section 135, and R. v. Powner, 12 Cox C. C. 230 (235?). The Powner case (found in 12 Cox Crim. Cas. 235) hardly sustains the broad and general language of Wharton's text, at least as to an offense the ingredients of which are defined by statute and which constitutes forgery only because so denominated by the statute. Powner was indicted under Section 28 of an English statute which enacted that "Whosoever shall forge the seal of any court of record, or shall forge or fraudulently alter any process of any court . . . or shall serve or enforce any forged process of any court whatsoever, knowing the same to be forged . . . shall be guilty of felony." The first count of the indictment charged that Powner feloniously forged certain process of the Court of Petty Sessions; the second, that, having in his custody and possession certain process of a Court of Petty Sessions (the order described in the first count) he "feloniously did fraudulently alter the said last-mentioned process, by erasing the word 'sixteen' and substituting therefor the word 'eighteen,' against, etc." There was a third count, based on the alleged felonious service of the process, which may be disregarded. Neither the first nor second count alleged that the act charged was done with intent to defraud nor with any specific intent, unless the word "fraudulently" in the second count, following the language of the statute, sufficiently charged the intent. QUAIN, J., disposed of the case thus: "I am of opinion that the common law definition of forgery must be imported into sect. 28, and that the first count is bad for not alleging an intent to defraud. But I think judgment will stand upon the second count, which is proved, and that the order of justices was a final process within the meaning of the section." Conviction on the second count was upheld.

The offense here involved is one created and defined by statute. While denominated forgery by the statute, the word "forge" or "forgery" is not used in prescribing the elements of the offense. The offense consists of the wilful certification of an acknowledgment as genuine by one acting in an official capacity, when no acknowledgment has been made and he knows his certification to be false. Such act is inherently wrong, and is calculated to affect the rights and interests of others injuriously whether so intended or not. The ac-

knowledgment, regular on its face and officially certified by one having authority so to do, admits the instrument to which it is attached to record (Sec. 3039, R. S. 1929) and furnishes prima facie proof of its execution. [Sec. 3048, R. S. 1929.] The act itself, without qualification, is forbidden and made punishable by the statute.

It is general rule that in statutory offenses an indictment in the language of the statute is sufficient where the statute sets out the essential elements of the offense charged. [State v. Toombs, 324 Mo. 819, 832, 25 S. W. (2d) 101, 107; Ex parte Karnstrom, 297 Mo. 384, 395, 249 S. W. 595, 598.] The indictment in this case substantially follows the language of the statute.

It may be that a defendant, charged under this statute, might show in defense that his act was done through mistake, misapprehension, or the like, and was not felonious. We need not decide that question. We are dealing with the sufficiency of the indictment. It charges that the act was done "unlawfully, wilfully, falsely, corruptly and feloniously." We think it sufficient.

■ II. Appellant insists that his plea in bar on the ground of former jeopardy should have been sustained. He offered in evidence at the trial the indictment and the verdict of acquittal in the former case. The evidence given in that case was not introduced but under the circumstances that omission is immaterial. If there was evidence in the trial under indictment No. 278 tending to show that defendant had falsely certified an acknowledgment to the deed therein charged to have been forged it could only have been competent, if at all, as it might bear upon the question of the alleged forgery of the deed. The two offenses are separate and distinct, involving different acts. One is the forgery of the deed which might be committed by any person. The other is the false certification of a purported acknowledgment to the deed, which could be committed only by a person authorized to take and certify acknowledgments, acting in his official capacity. The deed might be forged though not acknowledged at all and there might be a false certificate of acknowledgment to a genuine deed in violation of Section 4180.

The acknowledgment was not a part of the deed necessary to give it validity and effect as a conveyance. It is well settled in this State that deeds of private persons, though unacknowledged and therefore not eligible to record, are valid and effective to pass title as between the parties and their privies in blood and as against persons having actual notice thereof. [See Ryan v. Carr, 46 Mo. 483; Elsea v. Smith, 273 Mo. 396, 202 S. W. 1071; Vincent v. Means, 207 Mo. 709, 715, 106 S. W. 8; Wilson v. Kimmel, 109 Mo. 260, 19 S. W. 24.] By statute, Section 408, Revised Statutes 1929, guardians and curators having received payment for real estate of their wards sold by them are required to "execute and deliver" to the purchaser deeds of con-

veyance for the same, containing certain recitals. Section 409 provides that "All deeds and conveyances executed by guardians and curators shall be acknowledged and recorded *as other instruments conveying real estate, and with like effect, and, when so acknowledged,* shall be received in evidence in all courts of this State without further proof." (Italics ours.) It seems clear from the foregoing statutory provisions that the acknowledgment of deeds by guardians and curators is requisite only for the same purposes and has the same effect as in the case of deeds executed by persons acting for themselves.

It follows that the charge in indictment No. 278 of forging the deed did not, as appellant contends it did, include the offense or act denounced by Section 4180 upon which the indictment in the instant case was based, and appellant could not have been convicted under the first indictment of the offense charged in the second. Neither would the same evidence nor the same character of evidence have sustained both charges.

In State v. Oakes, 202 Mo. 86, 100 S. W. 434, it was held that an acquittal under the first count of an indictment charging carnal knowledge of a female of previous chaste character was no bar to prosecution under the second count which charged the defendant with having had carnal knowledge of the same female while confided to his care and protection, the offenses being distinct and their essential elements not the same.

In State v. Williams, 152 Mo. 115, 53 S. W. 424, it was held that an acquittal of the charge of having uttered and having in his possession a forged note was not a bar to a subsequent trial under a different indictment charging the same defendant with having forged the note, the offenses being distinct. [See, also, State v. Bobbitt, 228 Mo. 252, 128 S. W. 953; State v. Hess, 240 Mo. 147, 144 S. W. 489.]

In the recent case of State v. Toombs, 326 Mo. 981, 34 S. W. (2d) 61, we considered at length the question of former jeopardy, reviewing many authorities. It could serve no useful purpose further to discuss the question here. Applying the principles announced and the authorities cited in the Toombs case there can be no doubt that defendant's plea of former jeopardy was properly overruled. We so hold.

■ III. Appellant contends that the evidence was insufficient to authorize submission of the case and to support the verdict. With this contention we agree. In this connection we shall consider also the further contention that the curatrix' deed in question was improperly admitted in evidence.

When the deed was offered defendant objected because it had not been identified, which objection was overruled. Learned counsel for the State say there was no direct evidence identifying the deed. We have searched the record in vain to find any evidence identifying it.

Jessie Moody denied that she ever signed, or rather made her mark to any curatrix' deed. (She could not sign her name.). It is apparent that the assistant circuit attorney had in the courtroom an instrument, which was probably the deed, but which was vaguely referred to in questions and answers as "this" or "that." There were other papers taken from the files of the probate court which were referred to in similar indefinite language. But no witness attempted to identify any instrument as the deed in question. The objection to its introduction should have been sustained.

Even had the deed been properly admitted the evidence would still be insufficient.

In offering the deed in evidence no mention was made of the acknowledgment. It was not even shown that it had a certificate of acknowledgment attached to it. That seems to have been assumed. The instrument is not before us. Though the deed appears to have been offered in evidence it is not set out in the bill of exceptions, nor are any of the exhibits except indictment No. 278 and the verdict thereunder offered by defendant. The only evidence that Jessie Moody did not acknowledge the deed was a general statement by her to the effect that she never appeared before defendant in connection with a curatrix' deed nor had any transaction with him in reference to the execution of such deed.

The evidence tending to show that defendant was a notary, though scant and unsatisfactory, might be sufficient to permit a finding of that fact. It was testified without objection that he had been sued on his bond as notary public and a judgment obtained against him and in questions propounded by him he referred to going after "my notary public seal" at the time when it may be inferred from his questions he contended the acknowledgment had been taken, though we find no evidence in the record that an acknowledgment was taken at the time and place referred to. A witness for defendant testified that Jessie Moody acknowledged the deed, but at a different place, and he did not say she acknowledged it before defendant. His testimony tended rather to show, though unsatisfactorily, that it was before the probate judge. But if the evidence can be said to be sufficient to sustain a finding that defendant was a notary public, so much cannot be said as to the essential fact that he certified the acknowledgment, assuming that there was a certificate of acknowledgment attached to the deed. There was no evidence offered to prove that fact and no attempt made to identify or prove his signature to the certificate.

The unsatisfactory and insufficient showing relative to the vital issues of the case may be accounted for by the suggestion of learned counsel for the State in their brief here that "in the trial of the case both parties appear to have stressed the question whether the deed was or was not signed by Jessie Moody rather than the question of

the acknowledgment of the deed.'' Be that as it may, a finding of part at least of the essential facts is left to rest only upon assumption without substantial support in the evidence. This is a criminal case in which the presumption of innocence must be indulged until overcome by evidence. Facts constituting the essential elements of the crime charged cannot be assumed.

There are other things complained of in appellant's brief. Some are of a nature such that they will not likely occur on another trial should the State elect to try the case again. Others are not sufficiently preserved in the motion for a new trial to present them for review.

The judgment of the circuit court is reversed and the cause remanded. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.